## LATIMER v. S/A INDUSTRIAS REUNIDAS F. MATARAZZO.

### No. 240, Docket 21301.

United States Court of Appeals
Second Circuit.

Argued May 5, 1949.

Decided June 8, 1949.

Lord, Day & Lord, New York City (Thomas F. Daly, Leonard S. Leaman, and Ray Palmer Baker, Jr., New York City, of counsel) for appellant.

Newman & Bisco, and R. E. Shortall, New York City, for appellee.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

L. HAND, Chief Judge.

The plaintiff appeals from a judgment, vacating the service of a summons and dismissing the complaint, in an action begun in the district court, and based upon diversity of citizenship. He is a citizen of Georgia and the defendant is a Brazilian corporation; the action is to recover for services performed for the defendant in Brazil as an engineer, and for damages for a wrongful discharge. The summons and complaint were served upon the Brazil

---

Export Corporation, organized under the law of New York and doing business in the City of New York; and the only issue upon this appeal is whether the defendant is subject to the jurisdiction of the district court in such an action because of its relations with the Brazil Export Corporation, and whether service of the summons and complaint upon that corporation was valid. The facts, as shown in the affidavits on which the motion was tried, were as follows. The defendant is a large corporation, whose principal place of business is in Sao Paolo, Brazil; it is "engaged in the manufacture of textiles and allied industries for the South American trade only. Goods manufactured by" it "are very rarely sold in the United States" —only one sale in four years. It does, however, buy in this country large amounts of "machinery, equipment and materials," the greater part from outside the State of New York—in the year 1947 only one kind of supplies was brought in that state. The Brazil Export Corporation "acts as the buyer in the United States for South American corporations in Brazil, Argentine and Columbia for the purchase of machinery, equipment and materials." It "receives inquiries" from its principals— among them the defendant—for specified goods, and "then inquires throughout the United States for the manufacture and purchase thereof." Whether it closes contracts for the purchase of goods, or merely transmits the defendant's offers or acceptances to the sellers, does not appear; we assume that it has no authority to do more than transmit offers or acceptances. In order to finance its purchases by means of letters of credit, the defendant maintains an adequate drawing account in a New York bank. The contract in suit was drawn and executed in New York at the office of the Export Company, and by it as the defendant's agent.

In Hutchinson v. Chase & Gilbert,[1] we had occasion to consider the meaning of the word, "presence," generally made the test whether a corporation should be deemed subject to judgment in personam; and we noted that "it does no more than put the question to be answered." 45 F.2d at page 141. We said that a corporation, like any other concerted enterprise, when considered as jurally separate from the individuals who compose it, can be attributed location outside the state of its incorporation only by virtue of local activities of its agents which realize its purposes. We also said that "presence" demands more than that the local activities shall be continuous and not sporadic;[2] it includes as a second factor an "estimate of the inconveniences which would result from requiring" the corporation "to defend, where it has been sued." We did not try to say how that "estimate" should be made, or whether it demanded a balance between the inconvenience to the corporation and the convenience of the plaintiff of a trial in the forum in question; although we catalogued a number of situations in which it had been held that the defendant could not be forced to trial. In International Shoe Company v. Washington,[3] the Supreme Court adopted this approach; it said that "the terms 'present' or 'presence' are used merely to symbolize those activities of the corporation's agent within the state which courts will deem to be sufficient to satisfy the demands of due process." These "demands may be met by such contacts of the corporation * * * as make it reasonable * * * to require the corporation to defend the particular suit which is brought there. An 'estimate of the inconveniences' which would result to the corporation * * * is relevant in this connection." This language meant that constitutionally it was not enough to hold a corporation that it did some continuous business within the state of the forum; the injustice might be too great, if it were compelled to stand trial there merely on that account, and regardless of all attending "inconveniences." This was what we have called the second factor in "presence," and in Kilpatrick v. Texas & Pacific Ry. Co.,[4] we said that the

---

[1] 45 F.2d 139.

[2] Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, —, 67 L.Ed. 372.

[3] 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 161 A.L.R. 1057.

[4] 166 F.2d 788.

issues involved in this second factor, so far as we could see, were indistinguishable from those which determined a plea, forum non conveniens.

■ International Shoe Co. v. Washington, supra,[5] was followed by Gulf Oil Corp. v. Gilbert,[6] and Koster v. (American) Lumbermens Mutual Ins. Co.,[7] in which the Court held that the plea, forum non conveniens, was always open to a defendant in a case depending upon diverse citizenship, even in cases where the personal jurisdiction was unquestioned. These decisions answer any constitutional objection to dispensing altogether with the second factor in "presence," because, even though it were held that doing any continuous business whatever subjected the corporation to a judgment in personam— as, for example, it does under § 6 of the Federal Employers' Liability Act, 45 U.S. C.A. § 56[8]—it could relieve itself of any oppressive prejudice by recourse to the plea, forum non conveniens. It may still be true that in theory the issue as to jurisdiction is different from that as to forum non conveniens; for due process may be compatible with situations of greater inconvenience to the corporation than those inconveniences which would support the plea. Nevertheless, whatever will support the plea will excuse the corporation from defending the suit; yet, if it fails in supporting the plea, it will also fail in any attack upon the jurisdiction. Hence, for practical purposes it will be enough if the second factor in "presence" be tried out along with a plea, forum non conveniens, without committing ourselves to the theory that the proof which will support both is the same.

■ The case at bar was not tried on any such theory, and it would not be fair to dispose of it on this record. It must therefore be remanded with the following instructions: The court will assume that the defendant carries on a continuous business in New York, but it will hear the parties as to whether the circumstances are such as would support a plea, forum non conveniens, if it had so pleaded in an action where jurisdiction was unquestioned.

■ Finally, we hold that the service of process on the Brazil Export Corporation was valid. It would have been valid had the action been brought in the state court;[9] and, when that is true, the service is also valid in a case begun in a federal district court.[10]

Order reversed; cause remanded for further proceedings in accordance with the foregoing opinion.

[5] 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057.

[6] 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

[7] 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067.

[8] Baltimore & Ohio Railroad Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222; Miles v. Illinois Central Railroad Co., 315 U.S. 698, 62 S.Ct. 827, 89 L.Ed. 1129, 146 A.L.R. 1104.

[9] Bomze v. Nardis Sportswear, Inc., 2 Cir., 165 F.2d 33, 37.

[10] Federal Rules of Civil Procedure, rule 4(d) (7), 28 U.S.C.A.