962

Willis L. Hotchkiss, Antitrust Division, Chicago, Ill., for the United States.

Gerhard A. Gesell of Covington, Burling, Rublee, O'Brian & Shorb, Washington, D. C., for E. I. du Pont de Nemours & Co.

Ferris E. Hurd of Pope & Ballard, Chicago, Ill., for General Motors Corporation.

Paul H. Arthur of Arthur, Dry & Dole, New York City, for United States Rubber Co.

John M. Harlan of Root, Ballantine Harlan, Bushby & Palmer, New York City, and Aaron Finger, of Richards, Layton & Finger, Wilmington, Del., for Christiana Securities Co., Delaware Realty & Investment Corporation, Pierre S. du Pont, Lammot du Pont and Irenee du Pont.

LA BUY, District Judge.

Defendants have filed a motion pursuant to Section 1404(a) of the Judicial Code, 28 U.S.C.A., to transfer the above cause of action to the United States District Court for the District of Delaware. The complaint alleges defendants entered into a combination and conspiracy to restrain and monopolize interstate trade and commerce in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A., and Section 7 of the Clayton Act, 15 U.S.C.A. § 18.

Briefly, the violations charged against the du Pont interests are (1) the creation in 1915 by members of the du Pont family of Christiana Securities and Delaware Realty as personal holding companies for the sole purpose of perpetuating family control over the du Pont company and its policies; causing the du Pont Company to acquire control of General Motors and United States Rubber; (2) agreeing to enhance the size, power and market control of du Pont Company, General Motors and United States Rubber at the expense of competitors; and (3) agreeing to utilize control of the du Pont Company, General Motors and United States Rubber in such a way as to eliminate competition among themselves.

■ It is agreed that venue is properly laid in the Northern District of Illinois since the venue section of the antitrust laws provides that suit against a corporation "may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transact business." 15 U.S.C.A. § 22.

Section 1404(a) of the Judicial Code provides as follows: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Submission of the question of forum non conveniens is based upon the supporting and opposing affidavits of the parties. Three guides are set forth in the section (1) convenience of parties, (2) convenience of witnesses, and (3) interests of justice.

In opposing this motion the government alleges the investigation of defendants was initiated in its Midwest office at Chicago, that the preliminary stages of the investigation were conducted from that office, the grand jury proceedings preceding the filing of the complaint were conducted in this district and division, the documents obtained as a result of the investigation are in Chicago, there is no office of the antitrust division in Wilmington, Delaware, and the entire personnel of the Chicago office would have to be transferred to Delaware. Other affidavits submitted by the government show listings in the Chicago telephone directory of several hundred offices, sales agencies, dealers, and suppliers, etc., as well as important manufacturing

plants operated by some of the defendants in the Chicago area. Also submitted is an affidavit showing convenience of air and rail transportation and comparative travel time between Chicago and Detroit, Detroit and Wilmington, New York and Chicago, Wilmington and Chicago, for the transportation of records and witnesses.

Defendant, E. I. du Pont de Nemours and Company is a Delaware corporation with its principal place of business in Wilmington, Delaware. It is alleged to be the largest producer in the United States of explosives, powder and chemicals. The affidavit of its counsel and secretary assert that the great bulk of the records that will be essential to the defense of this action are maintained in the normal course of business in Wilmington, Delaware.

Christiana Securities Company and Delaware Realty and Investment Corporation are Delaware corporations having their principal place of business in Wilmington, Delaware. These corporations are alleged to be personal holding companies for the sole purpose of perpetuating family control over the du Pont Company and its policies, and its members are alleged to have caused the du Pont Company to acquire control of General Motors and United States Rubber. It is pertinent to note that the affidavit of Willis L. Hotchkiss discloses that these two corporations employ jointly but two persons and the records of Christiana are contained in six filing drawers. This fact is not controverted by defendants.

The three individual defendants, Pierre S. du Pont, Lammot du Pont and Irenee du Pont and 90% of the members of the du Pont family reside in the vicinity of Wilmington, Delaware. The three defendant individuals and others are alleged to have created Christiana and Delaware Realty for the purpose of consolidating holdings in the du Pont Company, which controls General Motors, and are alleged to have, together with others, the controlling interest in United States Rubber.

■ General Motors Corporation is a Delaware corporation and has its adminis-trative and executive offices in Detroit, Michigan and New York City. It is stated its Board of Directors and important committees meet in New York City. General Motors is alleged to be the largest manufacturing company in the United States. It is further alleged that General Motors serve as a profitable outlet for the du Pont Company products, that discoveries by General Motors in the chemical field, such as tetraethyl and refrigerants, were by agreement turned over to du Pont, that agreements were made between du Pont and General Motors which provided that suppliers to General Motors were required to buy materials from du Pont for their products, that through du Pont control General Motors gave United States Rubber a substantial portion of its business. The government's affidavit asserts, and it can be judicially noted, that General Motors' main center is Detroit, Michigan where the hub of its manufacturing and merchandising activities is centered. It is evident, too, that material records pertaining to the issues involved in this cause are located in Detroit. In any event the records and witnesses would have to be transported either to Wilmington or Chicago and the court observes that Detroit is geographically nearer to Chicago than to Wilmington.

United States Rubber is a New Jersey corporation with its principal place of business located in New York City. United States Rubber is alleged to be the largest manufacturer of rubber products in the United States. It is alleged that after du Pont control preference was given to du Pont on products of United States Rubber and du Pont when purchasing United States Rubber products would purchase all or substantially all of the output. Its activities and its products are alleged to dovetail extensively into General Motors operations and products. Its records and witnesses would have to be transported either to Wilmington or Chicago.

It is to be noted the activities of the du Pont Company which allegedly violate the antitrust laws arise in its association with General Motors, with General Motors in

other enterprises, in association with United States Rubber, and United States Rubber with General Motors.

Considering convenience of witnesses, the affidavits of defendants disclose on behalf of the du Pont Company that it may be necessary to call "upwards of 50 witnesses," most of these prospective witnesses being present or former officers or directors of the du Pont Company. The government states that there is no allegation that a single one of the directors or individual defendants would be called as a witness. No definite statement is made by any of the parties as to the number and residence of the witnesses to be called and at this stage of the proceedings the court recognizes that none can be made with any degree of accuracy. Therefore, with regard to convenience of witnesses, the court can only speculate whether Chicago or Wilmington will be more convenient for a majority of the witnesses who will be called to testify for the plaintiff and the defendants.

The court is here confronted with the same dilema referred to by the Supreme Court of the United States in the National City Lines case, United States v. National City Lines, 334 U.S. 573, 591, 68 S.Ct. 1169, 92 L.Ed. 1584, wherein the court stated that application of the doctrine of forum mon conveniens is difficult where the violations charged are nationwide and the defendants are numerous companies widely scattered in location of their principal offices and places of carrying on business.

■ It is self-evident that whether this case is tried in the forum chosen by the government or at any of the principal places of business of any of the defendants, some of the parties will be inconvenienced. The choice of venue is to be determined by a preponderance of the facts and the burden is on the moving party. To attempt to resolve the niceties involved in balancing the relative conveniences and inconveniences of all of the parties to any degree of certainty, resort must be had to an apothecary's scale and a crystal ball; neither of which implements are available to this court.

■ The over-all picture presented leads the court to the conclusion that a transfer of this action from Chicago to Wilmington for trial would probably cause as much inconvenience to some of the parties and their witnesses as it would convenience others, and a transfer would not be in the interest of justice.

The motion for a transfer of this cause from the Northern District of Illinois to the District of Delaware under Section 1404(a) of the Judicial Code is hereby overruled. An order has this day been entered in accord herewith.