**S.O.S. CO. et al.  v.  BOLTA CO. et al.**
**No. 53 C 222.**

United States District Court,
N. D. Illinois.
Oct. 7, 1953.

Loftus, Lucas & Hammond, Chicago, Ill., for plaintiffs.

Bell, Boyd, Marshall & Lloyd, Chicago, Ill., for defendants.

**HOFFMAN, District Judge.**

This is a suit for patent infringement and unfair competition against sundry defendants.

The defendants having the word "Bolta" as a part of their name are collectively referred to as Bolta.

Count I alleges the infringement of a patent for a "Cleaning Aid" owned by the plaintiffs. The defendants' product is identified as a "Scour Puss."

Count II alleges that one Scheidemann, a former employee of Firestone Plastic Company, which supplies the plaintiffs with the plastic filament of which its cleaning aid is made, disclosed to the Bolta defendants trade secrets and manufacturing "know-how" relating to the cleaning-aid product in violation of Scheidemann's contract with Firestone. No allegations are made against Woolworth in this count.

The defendants, Bolta Company and Bolta Products, Inc., moved to dismiss the action on the grounds (a) that they were severally foreign corporations not doing business in Illinois; (b) that the Corporation Trust Company, on whom service of process was had, was not their agent; and (c) that they had not committed any act of infringement in the State of Illinois.

The defendant, Bolta Products Sales, Inc., moved to dismiss on the grounds that it does not reside in the district and has not committed any act of infringement therein. It appears from the briefs that this corporation is qualified to do business in Illinois.

Bolta-Saran, Inc. moved to dismiss on the grounds (a) that it is a foreign corporation not carrying on business in Illinois; (b) that the Corporation Trust Company was not its agent to accept service; and (c) that it had not committed any act of patent infringement within the State of Illinois.

Woolworth moved to transfer the action to Massachusetts under Section 1404(a) of Title 28 of the Code, which provides as follows:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

All of the defendants, except Woolworth, filed affidavits supporting their respective motions.

By agreement, the oral deposition of two officers of the Bolta companies,

taken in Boston, was confined to the issues of jurisdiction and venue. The deposition is not in the file but the undisputed facts material to a decision sufficiently appear from the briefs.

The Bolta companies deal primarily in hard and soft plastic products. Their respective activities are adequately summarized at page 3 of the plaintiffs' brief and their inter-corporate relationship is set forth in a table following page 3 of the same brief. Bolta-Saran, last organized of the companies, manufactures and weaves a plastic filament under license from the Dow Chemical Company. John Bolten owns 82% of the Bolta Company, the first organized Bolta company. Bolta Products, Inc. and Bolta Products Sales, Inc. are both owned 100% by the family of John Bolten. 61% of the stock of Bolta-Saran, Inc. is owned by the other Bolta companies and John Bolten and members of his family. Upon the organization of Bolta-Saran, Inc., Bolta Company assigned the non-exclusive right to the use of the name Bolta in exchange for 7,500 shares of Bolta-Saran, Inc. stock and Bolta Products, Inc. assigned a license which it held from Dow Chemical for a like number of shares.

Only Bolta-Saran, Inc. sells Scour Puss. The Chicago office of Woolworth ordered Scour Puss pads from Bolta-Saran, Inc. and the order was accepted f. o. b. Chicago and the articles were shipped parcel post.

Bolta Company has a management contract with each of the other three Bolta companies running for a period of years, whereby in consideration of 4% of their respective net sales Bolta Company furnishes personnel, management, clerical, accounting, secretarial, purchasing, production, planning, shipping, receiving and warehouse services. The officers of all four companies are paid by Bolta Company and draw no salaries from the other company. The said individual accountant handles all of the financial records.

A circular distributed by the Bolta companies upon the introduction of the Scour Puss appears following page 5 of the plaintiffs' brief. In this circular the principal products of all of the Bolta companies were referred to. No distinction was made between the several companies but the advertisements were carried under the heading "Bolta proudly presents." From this and the other advertising appended to the plaintiffs' brief, it is clear that all of the Bolta products were presented in advertising to the public without identification of the particular Bolta companies dealing in the several products. Where an address is given in the advertising it is merely "Bolta, Lawrence, Massachusetts."

None of the Bolta companies sells at retail. This is presumably true of the plaintiffs, although the point does not seem to be of any material significance.

Notwithstanding the common advertising, all sales, billings and bookkeeping records of the Bolta companies are confined to the company which is associated with the particular product.

Although no affidavit was filed, counsel make the point on behalf of Woolworth that the action should be transferred to Massachusetts because (a) the pads are manufactured there; (b) most of the witnesses reside in Massachusetts; (c) Scheidemann works and lives in Massachusetts; and (d) if the Bolta defendants are dismissed, the adjudication on the patent infringement in Illinois, although binding on Woolworth, would not be res adjudicata as to the Bolta companies.

### The Pertinent Statutes

The provisions of Title 28 of the Code concerning jurisdiction and venue are as follows:

Sec. 1338. "(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, . copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases.

"(b) The district courts shall have original jurisdiction of any

civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

Sec. 1391. "(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law.

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Sec. 1400. "(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

■ In a decision under Sec. 1400 it was held in C–O–Two Fire Equipment Co. v. Barnes, 7 Cir., 1952, 194 F.2d 410, which was a suit for patent infringement, that, in order to sustain jurisdiction against a corporation outside of the state of its incorporation, two conditions must concur, namely, the defendant must have a place of business in the district and the infringement must have occurred within the district. In other words, the court held that Sec. 1391(c), providing that the residence of a corporate defendant includes any place where it may be doing business, as well as the state of its incorporation, was not applicable to Sec. 1400. Judge Lindley dissented. This opinion was affirmed by an evenly divided Supreme Court in Cardox v. C–O–Two Fire Equipment Company, 344 U.S. 861, 73 S.Ct. 102. Under Hertz v. Woodman, 218 U.S. 205, 30 S.Ct. 621, 54 L.Ed. 1001, such an affirmance is, of course, conclusive on the parties but not a binding authority on the principles of law involved. The point, however, is not material to a decision in the light of the views hereinafter expressed.

The following issues stand out as controlling:

1. Are the several Bolta companies sufficiently involved so as to justify the court in penetrating the corporate fiction and holding that service upon Bolta Products Sales, Inc., which is qualified in Illinois, is service upon its affiliates?

2. Was the plaintiffs' patent infringed by the Bolta companies in the State of Illinois?

3. Is a sufficient showing made by Woolworth to justify the transfer of the cause to Massachusetts?

If the answer to the first two questions is in the affirmative, the motions by the Bolta companies must be denied, since under the admitted construction of Sec. 1400(b) of the Code both the requirement of local infringement and a regularly established place of business will be met. It will then follow that under Sec. 1338(b) Count II of the complaint will be justifiable as a claim for unfair competition related to the patent violation charged in Count I. Thus, because of the paramount application of Secs. 1400 and 1338, the necessity for considering Sec. 1391 would be eliminated, although it is reasonably clear that this suit would qualify under the latter section.

■ Plaintiffs rely upon the strong line of recent cases typified by Clover Leaf Freight Lines v. Pacific Coast Wholesalers Association, 7 Cir., 1948, 166 F.2d 626; Chicago Milwaukee & St. Paul Ry. Co. v. Minneapolis Civic & Commerce Association, 247 U.S. 490, 38 S.Ct. 553, 62 L.Ed. 1229; and Blum v. Postal Telegraph, Inc., D.C.Pa.1944, 54 F.Supp. 898.

In the Railway Company case the Supreme Court said, 247 U.S. at page 500, 38 S.Ct. at page 557:

"Much emphasis is laid upon statements made in various decisions of this court that ownership, alone, of capital stock in one cor-

poration by another, does not create an identity of corporate interest between the two companies, or render the stockholding company the owner of the property of the other, or create the relation of principal and agent or representative between the two. * * *

"While the statements of the law thus relied upon are satisfactory in the connection in which they were used, they have been plainly and repeatedly held not applicable where stock ownership has been resorted to, not for the purpose of participating in the affairs of a corporation in the normal and usual manner, but for the purpose, as in this case, of controlling a subsidiary company so that it may be used as a mere agency or instrumentality of the owning company or companies."

In Pergament v. Frazer, D.C.Mich. 1949, 93 F.Supp. 9, 12, the court said:

"There has been a change in the attitude of the courts towards this much debated and perplexing question that has been before our tribunals for years and there is a tendency now to cut through the maze of corporate appearances to arrive at the true status and relationship. The fiction of corporate entity is no longer controlling."

The defendants seek to distinguish the application of these cases by pointing out that they involved a wholly owned and controlling subsidiary, whereas in the instant case no such relationship exists. The application of the principle to a mechanical identity in the nature of the relationship cannot be restricted. It is true that here there is an ingenious variant in the usual method of control; yet it is no less effective and real. It is accomplished through a family group supplemented by a management contract in the control of the founder of the business. The introduction of outside capital in one division of the enterprise is no more effective to give reality to the contention that the enterprises are separate and distinct than is the fact that separate books of account are kept by each of the companies. The spirit in which the whole business was conducted is evidenced by the use in their national advertising of the common hallmark "Bolta, Lawrence, Massachusetts." It would stultify common sense to permit such a transparent evasion to obstruct the application of the cases typified by the Postal Telegraph Company case.

It follows, therefore, that service upon the agent of Bolta Products Sales, Inc. was practical and sufficient service upon all of the Bolta companies.

The question is then presented as to whether a patent infringement occurred in Illinois.

Sec. 271(a) of Chapter 28 of Title 35 of the Code relating to patents, as amended in 1952, provides:

"Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent."

Woolworth does not dispute that it sold the alleged infringing article in this district.

The implication from the argument of the Bolta defendants is that since Bolta-Saran, the only one of the companies engaged in the sale of the offensive pads, was not doing any business in Illinois, no infringement by it could have occurred in Illinois. The plaintiffs' argument is that, since the merchandise was sold by Bolta f.o.b. destination (Chicago), delivery was made and title passed to Woolworth in Chicago, and that such action constituted an infringement under Sec. 271(a) of Title 35 of the Code.

The plaintiffs cite Williston on Sales, Vol. 2, pp. 89, 90, to the effect that where goods are sold f. o. b. destination, the delivery is made and title passes at that point. The text supports the contention and the rule is recognized in Illinois. See Department of Revenue v. Jennison-

Wright Corp., 393 Ill. 401, 66 N.E.2d 395.

■ Assuming that Bolta-Saran were the only defendant, and that it did no more than accept an order in Massachusetts, and pursuant thereto shipped the merchandise f. o. b. Chicago, it clearly would not be doing business in Illinois within the purview of the Act governing foreign corporations or so as to justify the service of process in the state. However, the question as to whether a patent infringement occurred in Illinois through a sale consummated here by delivery is wholly different. The delivery to Woolworth by the Post Office as the instrumentality employed by Bolta Saran occurred in Illinois. Such delivery completed the sale, which is an act of infringement as classified by the statute. It is held, therefore, that the act of infringement charged occurred in this district.

Since, under the modern view, all of the Bolta defendants were doing business in this district, and since an act of infringement occurred in this district, the motion of the Bolta defendants to dismiss is denied.

The question remains as to the disposition of Woolworth's motion to transfer the suit to Massachusetts.

■ The question of the doctrine of *forum non conveniens* was considered by the Supreme Court in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, although not in relation to the specific Rule here in question. That doctrine, however, is the essence of the Rule. Although the court sustained the dismissal of the action brought in New York (without transfer), thus remitting the parties to the courts in Virginia, where both parties were resident, where the entire transaction occurred and where the premises involved were located, Mr. Justice Jackson did express the principle involved which is appropriate here, 330 U.S. at page 508, 67 S.Ct. at page 843:

"But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

In the recent case of United States v. du Pont, D.C.Ill.1950, 87 F.Supp. 962, 965, Judge La Buy, in considering a motion to transfer under the Rule, gave expression to this pertinent thought:

"The choice of venue is to be determined by a preponderance of the facts and the burden is on the moving party. To attempt to resolve the niceties involved in balancing the relative conveniences and inconveniences of all of the parties to any degree of certainty, resort must be had to an apothecary's scale and a crystal ball; neither of which implements are available to this court."

■ In the instant case, no affidavit was filed and the very general motion is supported only by general statements in the briefs. It is alleged that most of the witnesses reside in Massachusetts. There are no facts from which the correctness of that assertion can be determined. It is alleged that Scheidemann lives in Massachusetts, but he is not a party to the action. The final charge is that if the Bolta defendants are dismissed, the adjudication of the patent infringement as between the plaintiffs and Woolworth would not be *res adjudicata* binding on the Bolta defendants. In the aggregate the insubstantial showing is wholly inadequate to meet the requirement that the balance should be strongly in favor of the defendants in order to defeat the plaintiffs' choice of forum.

The motion of the defendant Woolworth to transfer the cause to Massachusetts will be denied.