**OSTOW & JACOBS, INC., Plaintiff,**

v.

**MORGAN-JONES, INC., and Aileen Mills Co., Inc., Defendants.**

United States District Court
S. D. New York.
Nov. 4, 1959.

Charles Sonnenreich, New York City, for plaintiff.

Burke & Burke, New York City, for defendant Aileen Mills Co., Inc., Frederic D. H. Gilbert, Harold W. Wolfram, George I. Harris, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff is suing for judgment declaring invalid, a design patent covering a tufted bedspread, to enjoin defendants from threatening the trade with suits for infringement and for related relief. Jurisdiction is alleged to be based on ques‑tions arising under the patent and un-

fair competition statutes of the United States.[1]

Defendant Aileen Mills Co., Inc. moves to quash service of process and to dismiss for lack of jurisdiction on the ground that it is not subject to service within this district. It also moves to dismiss for lack of venue.

Ostow & Jacobs, Inc., the plaintiff, is a New York corporation with its principal place of business in New York. Aileen Mills, the moving defendant, is a Delaware corporation engaged in manufacturing and selling textile yarns and fabrics, with its principal place of business in Briscoe, North Carolina. The other defendant Morgan-Jones, is a New York corporation engaged in the sale of textile fabrics, with its principal place of business in New York and with offices in other cities.

The action is brought to declare invalid a design patent issued on October 8, 1957, covering the design of a tufted bedspread known as "Moonbeam", the record title of which is in the name of Aileen Mills.

It is alleged by plaintiff that defendants have communicated with the trade orally and in writing, claiming, in substance, that the bedspreads manufactured by the plaintiff infringe the design patent on the "Moonbeam" bedspread, and threatening suits for such infringement.

Service on Aileen was made by serving Morgan-Jones in New York. Morgan-Jones was Aileen's only selling agent. Aileen contends that the activities carried on by Morgan-Jones on its behalf in New York are not sufficient to make it subject to the jurisdiction of this court and that it cannot properly be served here.

Substantially all of Aileen's production is marketed and sold by Morgan-Jones which acts as Aileen's exclusive selling agent on a commission basis. It also sells for an undisclosed number of other mills. Morgan-Jones is the sole sales rep-resentative which Aileen employs, and with the exception of some few sales of yarn within North Carolina, Aileen carries on no selling activities of its own. Morgan-Jones also designs and develops patterns for the products which Aileen manufactures, and extensively advertises and promotes the bedspreads which are Aileen's principal product and which are involved in this litigation.

The printed form of order or sales blank regularly used by Morgan-Jones in the sale of the Aileen fabrics is headed "Morgan-Jones, Inc., Fine Fabrics since 1872, 402 Fifth Avenue, New York 18, N. Y.", and bears the legend "Subject to mill acceptance". Aileen's name is not printed thereon. Aileen concedes that it does not participate in "the actual sales solicitation, consummation, or perfection of orders solicited or negotiated" by Morgan-Jones. However, it is claimed that orders obtained by Morgan-Jones are subject to acceptance by Aileen in North Carolina. The goods are delivered by Aileen to the carrier there and invoices are mailed from there to purchasers.

Aileen is not licensed to do business in New York. It has no telephone or building directory listing here, nor does it maintain a bank account or stock of merchandise here. However, customers make payment for the goods purchased to J. P. McGuire, Inc. in New York who are Aileen's factors.

Morgan-Jones, from its principal offices in New York, circulated the material to the trade claiming infringement of the Aileen patent which plaintiff seeks to have declared invalid. A letter was sent by Morgan-Jones on its letterhead, and signed by its president, to all its salesmen, to distributors and to retail bedspread buyers. The letter calls attention to a suit for patent infringement and unfair competition brought by these defendants against Ojay Mills, an affiliate of the plaintiff in this action, in the United States District Court for the

1. 28 U.S.C. §§ 1337, 1338, 1400, 2201; 35 U.S.C.A. §§ 281, 283, 292; 15 U.S.C.A. § 1125(a).

Northern District of Georgia, in order to protect the "Moonbeam" bedspread patent, and encloses a clipping from the Daily News Record on this subject. In the letter Morgan-Jones refers to the considerable sum of money it spent in promoting and advertising "our outstanding bedspread, Moonbeam", and refers to "our designs and patents" and to "any other Morgan-Jones styles that are copied".

Morgan-Jones and Aileen Mills are closely related corporations. Aileen is a wholly owned subsidiary of Scotland Mills, which also owns 50% of Morgan-Jones. Most of the other shares of Morgan-Jones are owned by a corporation known as Morgan Mills. Edwin Morgan is an officer, director and shareholder in all four corporations. Halbert Jones is an officer, director and shareholder in three of the four corporations, and vice president of Morgan-Jones and treasurer of Aileen. There are other interlocking officers and directors.

I have recently had occasion to discuss the standards which govern in personam jurisdiction over foreign corporations in original suits in the federal courts based on diversity in Clifton Products, Inc. v. American Universal Ins. Co., D.C.S.D.N.Y., 169 F.Supp. 842. Certainly no narrower standards apply in original suits where jurisdiction is based on questions arising under federal law. It is unnecessary to repeat the discussion in the Clifton Products case here or to refer at any length to the cases which were cited.

As I pointed out there, there is no general statutory guide to which the federal courts may look to determine whether a foreign corporation is amenable to process within the state in which the court is situated. The standards which have been applied are largely the product of decision. While in actions removed from a state court to the federal court state law is applied in determining the question, different standards are applicable in an original action in the federal court.

■ There is a wide divergence of judicial opinion as to whether in an original action in the federal court based on diversity of citizenship federal law or state law is to be applied. In this circuit, however, it has been consistently held, with one exception, that federal law is determinative of whether a foreign corporation is amenable to service of process in a diversity action commenced in the federal courts. The most recent comprehensive discussion is in Nash-Ringel, Inc. v. Amana Refrigeration, Inc., D.C.S.D.N.Y., 172 F.Supp. 524. The contrary view was expressed in Shawe v. Wendy Wilson, Inc., D.C.S.D.N.Y., 171 F.Supp. 117. That case, however, stands alone in this circuit and I do not follow it.

International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, deals with the standards under which a state may, consistent with due process, assert in personam jurisdiction over a foreign corporation. This circuit has applied the standards laid down there in determining questions of in personam jurisdiction over foreign corporations in cases originating in the Federal courts. Latimer v. S/A Industries Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184, certiorari denied 338 U.S. 867, 70 S.Ct. 141, 94 L.Ed. 531; French v. Gibbs Corp., 2 Cir., 189 F.2d 787.

■ The International Shoe case requires "minimum contacts" with the state of the forum, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'". [326 U.S. 310, 66 S.Ct. 159.] Where the maintenance of the suit does not offend such notions and the foreign corporation's activities in the jurisdiction are continuous and systematic and give rise to the liability sued upon, sufficient has been shown to make the corporation amenable to service of state court process.

■ International Shoe, and the cases in this circuit which apply its standards, govern the question presented in

the case at bar. As I indicated in Clifton the standards laid down by these cases for determining jurisdiction over foreign corporations in original suits in the federal courts, are that the corporation must have been engaged in some local activities, that these activities must be important enough to make it fair to the defendant for the suit to be tried locally, and that a relevant factor is whether the liability arose out of activities carried on within the forum. An additional element is an estimate of the inconveniences which would result from requiring the foreign corporation to defend in the forum based on factors similar to those involved in determining forum non conveniens.

■ Applying these standards to the case at bar, it is plain that it is reasonable to subject Aileen Mills to suit in this district, and that to do so does not offend "traditional notions of fair play and substantial justice".

The only way that Aileen markets and sells its goods is through its agent Morgan-Jones in New York. Morgan-Jones is not one distributor among many. It is for all practical purposes Aileen's exclusive selling agent. The activities of Morgan-Jones on behalf of Aileen are not confined to the sale of its products. Morgan-Jones also develops and designs the products which it sells for Aileen and extensively promotes and advertises such products from its New York offices.

The facts that Aileen has no telephone or building directory listing in New York, and maintains no bank account here, are merely additional factors to be taken into account and are in no way controlling. These facts are far outweighed by the extensive continuous and systematic activities performed in this jurisdiction by Morgan-Jones on behalf of Aileen, without which, under the scheme Aileen has chosen to conduct its business, it would be impossible for Aileen to carry on. Aileen also has its factors here to whom payment for merchandise sold is made.

Moreover, the close corporate relationship between Morgan-Jones and Aileen is not without its significance. I do not suggest that the corporate veil should be pierced or that Aileen and Morgan-Jones are the same legal entity. But I do say that the close corporate affiliation of these companies, when taken in conjunction with the extensive activities carried on in this jurisdiction by one for the other, emphasizes the reasonableness of holding the foreign corporation amenable to jurisdiction here.

The activities of Morgan-Jones on behalf of Aileen have been continuous and systematic since 1956 when apparently the corporate affiliation between the corporations involved in this complex began. These continuous and systematic activities in this forum include the circulation to the trade of claims of infringement of the Aileen "Moonbeam" patent which gives rise to the present cause of action asserted by the plaintiff.

Finally, it should be said that while there are insufficient facts before me on which to make a firm estimate of the inconvenience which would result from requiring Aileen to defend in the forum, it does not appear that it would be unreasonable to require it to do so. Nor are any facts shown by Aileen which would justify a transfer to North Carolina on the grounds of forum non conveniens.

Thus, I hold that defendant Aileen is subject to the jurisdiction of this court and has been properly served in a suit which arises out of activities carried on in this district.

■ The question of lack of proper venue, also raised, requires little discussion. It is well settled that the activities of Aileen in New York as described above are fully sufficient to satisfy 28 U.S.C. § 1391(c) dealing with venue. See First Congregational Church and Soc. of Burlington, Iowa v. Evangelical & Reformed Church, D.C.S.D.N.Y., 160 F.Supp. 651; Carolyn Chenilles, Inc. v. Ostow & Jacobs, D.C.S.D.N.Y., 168 F. Supp. 894; Lehn & Fink Products Corp.

v. Milner Products Co., Inc., D.C.S.D. N.Y., 117 F.Supp. 320.

The motion of defendant Aileen to dismiss for lack of jurisdiction and for lack of venue is in all respects denied.

It is so ordered.