**CHAMPION SPARK PLUG COMPANY,**
Plaintiff,

v.

Stephen **KARCHMAR**, Sidney Widell, Karchmar Company, Inc., Arnold Greenspan, J. Olsen Trading Company, Argentine American Export & Import Corporation, Max Schulman, M & M Tire Service Company and Lillian Soltanoff Lapides a/k/a Lillian Soltanoff, Defendants.

United States District Court
S. D. New York.

Feb. 8, 1960.

Cahill, Gordon, Reindel & Ohl, New York City, for plaintiff, Jerome Doyle, New York City, of counsel.

Hawkins, Delafield & Wood, New York City, for defendants Arnold Greenspan, Argentine American Export & Import Corp., and J. Olsen Trading Corp., Clarence Fried, W. D. Greene, New York City, of counsel.

DAWSON, District Judge.

This is a motion to dismiss the complaint pursuant to Rules 12(b) and 12(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A., as to defendants Arnold Greenspan, Argentine American Export & Import Corporation and J. Olsen Trading Company, on the ground of improper venue in that the jurisdiction of the court is invoked solely on the ground of diversity of citizenship, and that neither the plaintiff nor all the defendants reside in the district wherein the suit is brought. As to defendant Argentine American Export & Import Corporation, dismissal is sought on the further ground that defendant is a corporation organized under the laws of New Jersey and was not and is not subject to service of process within the Southern District of New York, and that the defendant has not been properly served with process in the action.

The amended complaint and opposing affidavits establish that plaintiff, a Delaware Corporation with its principal place of business in the State of Ohio, commenced an action against the named defendants and others alleging a conspiracy to defraud plaintiff by obtaining the latter's spark plugs at a substantial discount by falsely representing that these products would be resold abroad; that substantial quantities of plaintiff's spark plugs were sold to defendants in reliance on this representation, and that in fact defendants diverted the spark plugs so sold from foreign export channels and resold them to buyers in the United States.

The amended complaint and opposing affidavits further establish that defendant Arnold Greenspan (hereinafter called "Greenspan") is a New Jersey citizen and resident, that defendant Argentine American Export & Import Corporation (hereinafter called "Argentine") is a New Jersey corporation neither authorized nor licensed to do business in New York, and that defendant J. Olsen Trading Company (hereinafter called "Olsen") is a New York corporation with its principal place of business within the Southern Distr⸱t.

As the sole basis of jurisdiction disclosed in the amended complaint is that

of diversity of citizenship, § 1391(a)[1] and (c)[2] of Title 28 U.S.C.A., are applicable to the determination of the instant motions.

The question presented is whether the express provisions of § 1391(a) require the Court to dismiss the complaint as to all defendants where it is established that one or more of the defendants do not reside within the district in which the action is commenced.

■ As a preliminary matter, it is clear that the complaint must be dismissed as to defendant Greenspan, a New Jersey citizen and resident by plaintiff's own admission. The authorities in this district are in accord that for venue purposes a person is a "resident" only where he is a citizen and domiciled. United Nations Korean Reconstruction Agency v. Glass Products Methods, D.C.S.D.N.Y. 1956, 143 F.Supp. 248.

And the same considerations would apply to require dismissal of the complaint as to defendants Max Schulman, M & M Tire Service Company and Lillian Soltanoff Lapides were it not· for the fact that there is no proof that valid service was effected as to these parties within the Southern District. In each instance the amended complaint alleges that these defendants are either citizens and residents of New Jersey, or, as to defendant M & M Tire Service Company, a New Jersey partnership all of whose members are citizens and residents of the latter state.

■ In Koons v. Kaiser, D.C.S.D.N.Y. 1950, 91 F.Supp. 511, the Court interpreted § 1391(a) with regard to partnerships and held that a partnership has no separate residence from its members even though it is considered a legal entity under state law. Thus it becomes axiomatic that a partnership can be sued only in the district in which all the partners reside. Harris Manufacturing Co. v. Williams, D.C.W.D.Ark.1957, 157 F.Supp. 779.

Does this mean that the complaint must be dismissed as to the remaining defendants under the express provisions of § 1391(a) where the objection as to improper venue is asserted by a resident co-defendant?

The precise question was posed in Camp v. Gress, 1919, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997, where the Supreme Court ruled that a resident co-defendant could not avail himself of the objection unless the non-resident defendant as to whom venue had been improperly laid was an indispensable party.

In an analogous situation, where the motion to dismiss one of several defendants was granted on the ground that the court would otherwise lack requisite diversity jurisdiction over the action, Judge Ryan concluded that the joint and several liability of all the defendants on the claims pleaded precluded dismissal as to the remaining defendants since joint-tortfeasors are neither necessary nor indispensable parties. Kassner v. United States Pictures, Inc., D.C.S.D.N.Y.1948, 82 F.Supp. 633. And the Court of Appeals for the Second Circuit has concluded that this proposition is so well settled that it would be an abuse of discretion to fail to drop a merely necessary party in order to retain jurisdiction as to the remaining defendants. Kerr v. Compagnie De Ultramar, 2 Cir., 1958, 250 F.2d 860.

■ As Judge Rifkind concluded in Martin v. Chandler, D.C.S.D.N.Y.1949, 85 F.Supp. 131, 132, "It is hornbook law that one tort feasor, defendant in an action, may not claim that another, a joint tort feasor, is an indispensable party."

■ Moreover, where venue is proper as to one defendant but improper as to

---

1. "§ 1391(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

2. "§ 1391(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

one or more co-defendants under § 1391 (a) and (c), and the latter are not indispensable parties, the proper procedure is to drop the non-resident defendant in order to cure the defect in venue. Savoia Films S. A. I. v. Vanguard Films, D.C.S.D.N.Y.1950, 10 F.R.D. 64.[3]

■ The complaint, viewed in its entirety, clearly contains sufficient allegations to establish that all defendants are joint-tortfeasors, since all are named as conspirators in the alleged fraudulent activities of which the complaint speaks. Since they are jointly and severally liable they are not indispensable parties and thus have no standing to obtain dismissal of the complaint under the authorities cited.

These facts, together with the well settled judicial interpretation placed on them in this Circuit, amply demonstrate that there is no merit to the defendants' contention that dismissal as to one or more non-resident defendants requires dismissal as to the remaining defendants.

Therefore, the motion to dismiss as to the resident defendant Olsen on the ground of improper venue is denied.

■ The only question that remains to be resolved is whether or not defendant Argentine, a foreign corporation, is amenable or subject to service of process in this forum, and thus subject to the venue provisions of § 1391(c) of Title 28 U.S.C.A.

The undisputed facts indicate that Argentine was and is a corporation organized and existing under the laws of the State of New Jersey, and that it has no office or other place of business within the Southern District and that it is not licensed to do business in New York. It is conceded that defendant Arnold Greenspan is the Secretary and Treasurer of Argentine, and the only officer of the company within the United States.

Although the complaint alleges that Argentine's principal place of business is in Newark, New Jersey, the plaintiff's uncontradicted affidavit reveals that the office address furnished is actually Greenspan's private home, that there is no office or staff at the Newark address, and that Argentine is not listed in the Newark telephone directory.

It is also conceded that Argentine is in the export and import business, buying merchandise for clients overseas, similar to the activities of defendant Olsen, of which Greenspan is also President.

Plaintiff's uncontradicted affidavit further alleges that the fraudulent activities of which it complains were conducted within the Southern District by Greenspan through the instrumentalities of both Olsen and Argentine, and that the latter was in effect no more than the alter ego of Olsen.

Viewed in this light, the precise question presented is whether or not these facts are sufficient to establish that Argentine is "doing business" or "present" within the forum so as to be amenable to service of process and suit here.

■ A preliminary inquiry must be undertaken to determine whether state or federal law is to be applied to the issue presented. A review of the authorities in this circuit discloses that the weight of authority favors the application of federal law even in cases where *in personam* jurisdiction is sought in actions commenced in the federal courts solely on the basis of diversity of citizenship. Nash-Ringel, Inc. v. Amana Refrigeration, Inc., D.C.S.D.N.Y.1959, 172 F. Supp. 524. Only one recent decision has departed from a long line of unbroken supporting authorities, to wit, Shawe v. Wendy Wilson Inc., D.C.S.D.N.Y.1959, 171 F.Supp. 117, and until the Court of Appeals resolves the issue, this Court is constrained to adopt the consistent position of the majority, as did the court in

---

3. It is noteworthy that this procedure has been adopted in the following districts: Katz Exclusive Millinery, Inc. v. Reichman, D.C.W.D.Mo.1952, 107 F.Supp. 263; James Talcott, Inc. v. Burke, D.C.N.D.

Ohio 1956, 145 F.Supp. 389; Harris Manufacturing Co. v. Williams, D.C.W.D. Ark.1957, 157 F.Supp. 779; Carolina Casualty Insurance Co. v. Local No. 612, D.C.N.D.Ala.1956, 136 F.Supp. 941.

Ostow & Jacobs, Inc. v. Morgan Jones, Inc., D.C.S.D.N.Y.1959, 178 F.Supp. 150.

In this regard, the criteria which are applied in determining corporate presence for the jurisdictional purpose of effecting valid service of process have been held equally applicable to the venue provisions of § 1391(c). Satterfield v. Lehigh Valley R. Co., D.C.S.D.N.Y.1955, 128 F.Supp. 669; Ostow & Jacobs, Inc. v. Morgan Jones, Inc., supra. Therefore both questions will be dealt with simultaneously.

Beginning with the landmark decision of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the broad standards laid down there with respect to the doctrine of corporate "presence" have been applied to questions of *in personam* jurisdiction over foreign corporations in cases originating in the federal courts. French v. Gibbs Corp., 2 Cir., 1951, 189 F.2d 787. The requisite criteria have been succinctly redefined in the recent decision of Clifton Products, Inc. v. American Universal Ins. Co., D.C.S.D. N.Y.1959, 169 F.Supp. 842, 848, as follows:

"1. The corporation must have been engaged in some local activities.

"(a) They must be important enough to make it fair to the defendant for the suit to be tried locally.

"(b) A relevant factor is whether the liability arose out of events occurring within the state of the forum.

"2. An estimate must be made of the inconveniences which would result from requiring the corporation to defend in the forum.

"(a) The factors involved in estimating such inconveniences are indistinguishable from those involved in determining forum non conveniens. See French v. Gibbs Corp., supra [2 Cir., 189 F.2d 787]; Latimer v. S/A Industrias Reunidas F. Matarazzo, supra [2 Cir., 175 F.2d 184]; Kilpatrick v. Texas & P. Ry. Co., supra [2 Cir., 166 F.2d 788, certiorari denied, 335 U.S. 814, 69 S.Ct. 32, 93 L.Ed. 369]."

Taking up each of these requirements in turn, it seems clear that Argentine is engaged in local activities out of which the liability against it is predicated. Plaintiff's uncontradicted affidavit indicates that each of the transactions in which Argentine is alleged to have conspired to defraud the plaintiff took place in New York City, including all preliminary negotiations for the purchase of plaintiff's spark plugs, the financing of the shipments of those products to Argentine, and the payment for the shipments made by plaintiff to Argentine.

Moreover, defendant Greenspan, who was concededly the only officer of the company within the United States, was active within the district in promoting the affairs of defendant Olsen, a corporation whose activities, for all practical purposes, were identical in nature and scope to those carried on by Argentine. Since Argentine maintains no office, as such, either in New Jersey or New York, it seems fair to assume that Greenspan, as chief executive of Olsen, conducted the affairs of Argentine from his established New York headquarters. All corporate decisions on behalf of Argentine would presumably have to be made by him, and it would appear from the identical nature of the business in which both Argentine and Olsen were engaged, that Greenspan was transacting his business affairs through both entities.

In this regard, it has been held that the continuous exercise of a corporation's important executive functions in this district supported a claim that it was doing business here so as to render it amenable to suit. Lightner v. Pilgrim Paper Corporation, D.C.S.D.N.Y.1957, 152 F.Supp. 504.

Moreover, the recent judicial trend in connection with situations involving similar or wholly-owned corporate subsidiaries that are found to be conducting the business of their parent is to ignore the cloak of corporate entity and determine

in whose hands actual control of the overall enterprise exists. The authorities are thoroughly discussed in S. O. S. Co. v. Bolta Co., D.C.D.C.N.D.Ill.1953, 117 F.Supp. 59.

The existence of these factual elements, interpreted in light of the growing judicial tendency to make searching inquiry into the use of corporate forms as a means of evading service of process, as evidenced by the Bolta decision, are deemed sufficient to satisfy the requirements of "doing business" for both jurisdictional and venue purposes. As Judge Hand concluded in French v. Gibbs Corporation, 2 Cir., 1951, 189 F.2d 787, 790, "* * * given any continued local activities, the strict requirement of 'presence' is satisfied; and * * * the rest is a matter of more or less."

■ The remaining inquiry is addressed to the question whether to require Argentine to go to trial in this district would be so unfair as to be constitutionally indefensible. In this regard, the factors to be weighed in estimating the inconveniences which would result have been held to be identical with those utilized in determining *forum non conveniens*. Clifton Products, Inc. v. American Universal Ins. Co., supra.

It is apparent that were Argentine compelled to defend here, rather than in its corporate situs, Greenspan, as its only available officer in this country, would testify on its behalf. Since Greenspan maintains an office in this district there would be no hardship involved in requiring that he testify here rather than in New Jersey.

Moreover, since Olsen is also a corporate defendant, with its principal place of business in this district, it is fair to assume that Greenspan, as its chief executive officer will wish to testify on its behalf as well. Since all corporate records and other data would be maintained here the interests of convenience would best be served by going to trial in this district.

And these considerations also apply to the original defendants, Stephen Karch-mar, Sidney Widell and the Karchmar Company, Inc., who are all "residents" of New York. Clearly, it would better serve the convenience of witnesses and the parties, and the interests of justice, to try the action here, since venue would be improper as to the original three defendants if the case were transferred to New Jersey.

When all these factors are weighed, the balance of convenience clearly lies in favor of maintaining the action here.

Therefore, the motion to dismiss as to Argentine is also denied. The complaint is dismissed as to defendant Greenspan. So ordered.