Michael P. O'SHATZ

v.

Frank BAILEY
and
Daniel Dobbs.

Civ. A. No. 14369.

United States District Court
D. Maryland.

Aug. 16, 1963.

William F. Hickey, Silver Spring, Md., for plaintiff.

Patrick A. O'Doherty, Baltimore, Md., for defendant Dobbs, David D. Patton, Baltimore, Md., for defendant Bailey.

NORTHROP, District Judge.

In this action based on a rear-end collision, each defendant has moved to dismiss, primarily on the ground of lack of venue. The complaint, as originally filed January 24, 1963, contained the following averments: the plaintiff, a New York citizen now residing in the District of Columbia, was driving on U. S. Route 40 in Maryland, near Aberdeen, on January 26, 1960, when the car ahead of him driven by the defendant Frank Bailey negligently came to an abrupt stop; the plaintiff managed to stop his car in time to avoid a collision, but a car being driven by defendant Daniel Dobbs immediately behind the plaintiff struck the latter's car. The plaintiff further averred substantial physical injury to himself and damage to his automobile. Defendant Bailey was alleged to be a Maryland citizen and resident, and defendant Dobbs to be a New York citizen residing in Queens Village, New York City.

On April 9, 1963, the plaintiff filed an amended complaint to aver that he himself was a citizen, as well as a resident, of the District of Columbia. On April 17, the court permitted further amendment so that the complaint would aver that the Dobbs car was being driven by Daniel Dobbs' minor son Douglas Hyde Dobbs; the complaint as amended charges that Douglas Dobbs' negligence is to be imputed to his father.

Defendant Frank Bailey now moves that the venue requirements of 28 U.S.C. § 1391 are not met in that neither the plaintiff nor all defendants reside in this judicial district. Defendant Daniel Dobbs urges the same lack of venue, and that the plaintiff should not be permitted,

without oral evidence on the question of citizenship, to amend the complaint on this point. Defendant Dobbs further urges that the plaintiff has no recognized cause of action, or that, if he does allege a cause of action, it is a new one which should be barred by limitations.

## A. Amendments of Complaint

■ The court is not inclined to reopen the question of the two amendments. As to the first, under Rule 15 of the Federal Rules of Civil Procedure the plaintiff was not required to justify it (no answer having been filed), but we also note that, with the brief submitted following the hearing of the motions, the plaintiff has submitted an affidavit testifying to his citizenship in the District of Columbia, as well as some documentary evidence of his employment there. In regard to the second amendment, authorized by Judge Winter's order of April 17, we assume that the court deemed the requirements of Rule 15 met, and therefore it is the court's view that the second amendment should relate to the date on which the original complaint was filed.

## B. Venue

■ In view of the plaintiff's second amendment, the diversity of citizenship required by 28 U.S.C. § 1331 is present. The principal question in this case becomes one of venue. Rule 12 of the Federal Rules of Civil Procedure of course recognizes the defense of improper venue, which has been raised by both defendants in the present case. The applicable test is 28 U.S.C. § 1391(a), which reads:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

The plaintiff urges that the defendant Dobbs has waived his objection by combining it, in the same document, with a motion to dismiss for failure to state a cause of action. This court cannot accept any such view of waiver. We quote from Rule 12(b):

"No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."

See also 2 Moore's Federal Practice, § § 12.12, pp. 2260–2264. Of the cases cited by the plaintiff in favor of waiver, one, Beneficial Industrial Loan Corporation v. Kline, 41 F.Supp. 854 (S.D.Iowa 1941), appears actually to be against it, and the others, with one exception, appear to antedate Rule 12. The exception is Billings Utility Co. v. Advisory Committee, 135 F.2d 108 (8 Cir. 1943), where the defendant's challenge in another court which had jurisdiction over the subject matter, to the sufficiency of plaintiff's complaint as well as to the proper venue of the action, was said to waive objections to jurisdiction over the person of the defendant. The earlier decision of the other court having jurisdiction over the person and the subject matter was considered res judicata. In light of Rule 12 and the many cases in conflict with the above decision, if the decision can be viewed as endorsing the waiver doctrine, this court is not inclined to follow it.

## C. Severance and Transfer

The plaintiff urges that, if the court is persuaded that venue is improper, this may be cured by severing the action against defendant Dobbs. Rule 21, permitting severance, and 28 U.S.C. § 1406(a), permitting transfer in the interest of justice where venue is improper, are invoked. Two questions arise in this connection: first, whether defendant Dobbs is an indispensable party, and second, whether valid service of process was obtained against this defendant (and whether valid service is essential to transfer).

■ 1. Camp v. Gress, 250 U.S. 308, 316, 39 S.Ct. 478, 63 L.Ed. 997 (1919), was summarized in Industrial Waxes, Inc. v. International Rys. of Cent. Amer., 193 F.Supp. 783, n. 18 (S.D.N.Y. 1961) as holding that "[a] resident de-

fendant may not avail himself of a dismissal as to a non-resident, unless the latter is an indispensable party." As described in the complaint, the defendant Bailey and the minor Douglas Dobbs would appear to be joint tortfeasors by at least one test, that of "single indivisible result." Prosser on Torts, § 45, pp. 226–227. However, a decision on this point seems unnecessary. A succession of authorities has stated that a joint tortfeasor is not an indispensable party. See Champion Spark Plug Company v. Karchmar, 180 F.Supp. 727 (S.D.N.Y. 1960) quoting Martin v. Chandler, 85 F.Supp. 131, 132 (S.D.N.Y.1949), 180 F.Supp. at 729:

> " 'It is hornbook law that one tort feasor, defendant in an action, may not claim that another, a joint tort feasor, is an indispensable party.' "

See also 3 Moore's Federal Practice, § 19.07, p. 2153:

> "Tort feasors are not indispensable or necessary to an action against one of their number, because their liability is both joint and several."

If, on the other hand, young Dobbs and the defendant Bailey are not considered joint tortfeasors, it would seem even more clear that the father of the former (conceding *arguendo* the possible application of a doctrine of imputation) is not indispensable to the plaintiff's action against Bailey.

█ █ 2. Service of process as to the defendant Dobbs was made on the Secretary of State of Maryland, and appears to have complied with the Annotated Code of Maryland, Art. 66½, § 115, the statute governing service of process on non-resident owners or operators of motor vehicles. Service in compliance with state law is valid to give this court personal jurisdiction. Holbrook v. Cafiero, 18 F.R.D. 218 (D.Md.1955), Giffin v. Ensign, 234 F.2d 307, 311 (3 Cir. 1956), Farr & Co. v. Cia. Intercontinental De Navegacion, 243 F.2d 342, 347–348 (2 Cir. 1957), Barron & Holtzoff, Federal Practice & Procedure, Vol. 1, § 184, p. 739. Moreover, under Goldlawr, Inc. v.

Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), it is not necessary, to permit transfer, that this court have had personal jurisdiction.

█ This court does not propose to endorse any practice of waiting until the final days of the period of limitation before bringing action. The plaintiff, we hope, by now realizes the awkwardness of his position where, under such circumstances, the initial pleading is discovered to contain errors—not to mention the difficulty of improper venue. Nevertheless, it also appears to us that justice favors the transfer of this case to the Eastern District of New York. The plaintiff contrasts, with some validity, the facts in his case to those recited in Judge Chesnut's opinion in Viaggio v. Field, 177 F.Supp. 643 (D.Md.1959), in which it appeared that the action was brought in this district solely because the two-year period of limitation in Pennsylvania had expired. In the present case, the three-year period of New York, as prescribed by § 214 of the Civil Practice Law and Rules, is the same as that in Maryland. A possible difference between the two jurisdictions may be that New York requires service of process in order to toll the period, but it also appears, Pond v. Porter, Sup., 102 N.Y.S.2d 131 (Supreme Court, Special Term, Onondaga County 1950) that service on the Secretary of State under that state's non-resident-motorist statute was sufficient to toll the statute of limitations. It is not entirely clear from the file in the present case, whether service on the Secretary of State was accomplished within the two days remaining when the complaint was filed, but for purposes of these motions to dismiss we assume that it was.

This court tends to agree with the defendant Dobbs that Maryland has no doctrine which would impute to him his son's possible negligence. We note that, if the courts of the State of New York were to follow the Restatement of Conflict of Laws, § 387, comment a, the law of Maryland as regards imputation would be pertinent even in a trial in the Eastern District of New York. However, it

is far more desirable that the court in that district decide the attitude which the state courts of New York would take on this point and to consider any amendment to the complaint which the plaintiff might seek in response to Dobbs' motion to dismiss for failure to state a claim.

\* \* \* \* \* \*

For the reasons stated above, the motion of defendant Bailey for dismissal is denied and the action, as regards defendant Dobbs only, is severed and transferred to the United States District Court for the Eastern District of New York. Counsel for the plaintiff is instructed to prepare and submit the appropriate order for severance and transfer.