**MARTIN et al. v. CHANDLER et al.**

United States District Court
S. D. New York.

July 8, 1949.

John L. Flynn, New York City, for plaintiffs.

James A. McKaigney, New York City, William R. Ferris, Brooklyn, N. Y., of counsel.

Willkie Owen Farr, Gallagher & Walton, New York City, for defendants Ford C. Frick, etc.

Baker, Hostetler & Patterson, Cleveland, Ohio, for defendants Boston American League Baseball Co. and others.

Edgar P. Feeley, New York City, for defendant National Exhibition Co.

RIFKIND, District Judge.

This is a motion by some, but not all, of the named defendants to dismiss the first cause of action stated in the complaint upon the ground that "the defendant Albert B. Chandler is an indispensable party, has not been served * * * and may not be sued * * * in this District without his consent."

The complaint, filed on March 8, 1949, is in two counts. The first is brought under 15 U.S.C.A. § 26; the second is founded on 15 U.S.C.A. § 15. Together they seek to enjoin alleged violations of the anti-trust laws and to recover treble damages for the injuries sustained by plaintiffs by reason of such violations.

More specifically, the complaint alleges that "the defendants have by entering into the Major League Agreement, the Major-Minor League Agreement and the National Association Agreement and by their concert of action in adopting and enforcing said Agreements and the Rules concomitant therewith engaged, knowingly and continuously, in a wrongful and unlawful conspiracy to monopolize and restrain trade and commerce among the States in violation of sections of the Sherman and Clayton Anti-Trust Laws, 15 U.S.C.A. §§ 1, 2, 3, 13 and 14, and the defendants by reason of said conspiracy and concert of action have denied and continue to deny the plaintiffs herein the opportunity to earn a livelihood in their profession and are causing the plaintiffs immediate and continuing and progressively greater irreparable damage." (Paragraph 47.)

It is further alleged in the complaint that "The Major League and the Major-Minor

League Agreements and the Rules adopted and enforced in accordance therewith prohibit any other than a standard or uniform contract to be entered into between the constituent clubs and players". (Paragraph 28.) "The said standard or uniform contract in both the Major and Minor Leagues must contain provisions (hereinafter referred to as the "reserve clause") whereby a player in signing his contract for the ensuing season or seasons agrees not to sign a contract with or play for any Club at the expiration of the period of said contract other than with or for the Club which contracted with him, or its assignee. The infraction of this Rule is banishment from Organized Baseball." (Paragraph 29.)

Plaintiffs have been professional baseball players, the one from 1933, the other from 1935, until 1946. "In or about May, 1946, the plaintiffs were declared ineligible by the Commissioner to play in Organized Baseball for a period of five years because of their alleged disregard of the provisions of the Major League Agreement and the Major League Rules and particularly for violating the reserve clause of their respective contracts and for engaging in competition with ineligible players." (Paragraph 44.)

Subsequent to their suspension from organized baseball the plaintiffs sought to earn a livelihood by utilizing their professional ability as baseball players. In this object they failed because the Commissioner employing the powers vested in him under the provisions of the Major League Agreement, the Major-Minor League Agreement, the National Association Agreement and the concomitant Rules persuaded, induced and coerced clubs and players of Organized Baseball to refrain from engaging in performances in which the plaintiffs participated, under threat of suspending such clubs and players from Organized Baseball if they did so engage in such performances. (Paragraph 46.)

In substance the moving defendants contend that Chandler, the Commissioner of Baseball, is indispensable because they are bound, by the very agreements here challenged, to abide his decisions with respect to plaintiffs' eligibility to play. That, however, is rather curious circular reasoning. It is hornbook law that one tort feasor, defendant in an action, may not claim that another, a joint tort feasor, is an indispensable party. 30 C.J.S., Equity, § 147; Kidd v. New Hampshire Tract Co., 1903, 72 N.H. 273, 56 A. 465, 66 L.R.A. 574; Cole Silver Mining Co. v. Virginia & Gold Hill Water Co., 1871, C.C.D.Nev., 6 Fed. Cas. page 67, No. 2989.

That one charged as a member of a conspiracy to violate the anti-trust laws may not successfully claim the indispensability of his fellow conspirators is implicit in United States v. National Lead Company et. al., D.C.S.D.N.Y., 1945, 63 F.Supp. 513, affirmed, 1947, 332 U.S. 319, 67 S.Ct. 1634, 91 L.Ed. 2077, where but three of a total of twenty-two conspirators were made defendants, most of them being foreign corporations without the jurisdiction.

Broadly stated, the question presented by the motion is whether those conspiring to violate the anti-trust laws may immunize themselves against injunctive relief by vesting the power of direction and decision in an arbiter or industrial czar who is inaccessible to service of process. Such inaccessibility might be achieved, for instance, by locating his office and residence across the nation's borders. I know of no rule of law and no principle of equity which produces so bizarre a result.

In view of this conclusion it is unnecessary to decide whether jurisdiction may or may not be obtained of Chandler in this district.

The motion to dismiss is denied. Defendants will answer in ten days.