Fitld, J.
New York bound from a Florida vacation, plaintiff Selles was injured on April 25, 1953, when the automobile in which he was traveling overturned as it was speeding through South Carolina. With him at the time were his wife, who was driving and who was killed in the accident, and defendant Smith, who owned the vehicle. Asserting negligence on the part of his wife in driving, the plaintiff brought suit against the owner of the car and recovered a verdict of $10,000. The Appellate *414 Division, however, reversed on the law and dismissed the complaint ; concluding that there was no proof that the driver 1 ‘ was an agent for * * * the owner, acting within the scope of employment, nor proof of a master and servant relationship,” the court decided that the defendant was ‘1 not liable for the driver’s negligent operation.”
Since there is testimony that Mrs. Selles was driving at an excessive and illegal speed, that she disregarded repeated warnings by her husband to slow down and that the car was actually swaying from one side to the other before it overturned, nothing is to be gained by further detailing the facts bearing on the issue of her negligence. It is sufficient, in view of the jury’s verdict and the Appellate Division’s affirmance of the facts, merely to observe that under South Carolina law such evidence is ample to support a finding not only of negligence, if the plaintiff be deemed a fare-paying passenger (cf. Bailey v. Seymore, 224 S. C. 162, 165; Fulghum v. Bleakley, 177 S. C. 286), but also of conduct in “ reckless disregard of the rights of others,” if he be considered a nonpaying guest. (Code of Laws of South Carolina [1952 ed., vol. 4], tit. 46, ch. 5, § 46-801; Peak v. Fripp, 195 S. C. 324, 329; Ralls v. Saleeby, 178 S. C. 431.)
The question remains, however, whether the defendant may be held accountable for Mrs. Selles’ negligence. Section 59 of the Vehicle and Traffic Law of this state has no application, for it is the law of South Carolina, where the accident occurred, which is controlling and, absent any showing of the law of that jurisdiction, we presume that the common law of that jurisdiction is the same as the common law of New York. (See Cherwien v. Geiter, 272 N. Y. 165, 168; International Text Book Co. v. Connelly, 206 N. Y. 188, 201.) Under that law, the owner of a vehicle is not liable for the negligence of another to whom he loaned his car while it “ was being used upon the business or pleasure of the borrower.” (Gochee v. Wagner, 257 N. Y. 344, 346.) He is, however, responsible if the other person was driving at the owner’s request, “ express or implied, for his benefit, and under his direction ’ ’, even though no compensation was being paid and no strict relationship of master and servant existed. (See Nalli v. Peters, 241 N. Y. 177, 179-180.)
In the case before us, there is evidence from which the jury could reasonably have inferred, as it no doubt did, that Mrs. *415 Selles in operating the defendant’s car acted as his agent. The Selleses and the defendant were friends returning together from a long pleasure trip. When Mrs. Selles drove, she did so at the defendant’s request and as much for his benefit as for the benefit of her husband and herself. In addition, the defendant appears to have exercised some degree of affirmative control over the driver, or so the jury could reasonably have found, for, when told by the plaintiff that Mrs. Selles was driving too fast, the defendant replied, “ 1 Leave her alone. She knows what she is doing. ’ ” Under these circumstances — quite different, we note, from Potts v. Pardee (220 N. Y. 431) in which the evidence disclosed that the owner had no control over the car — the defendant’s failure to curb the driver’s speed, indeed, the encouragement to her to continue speeding, implicit in his words, reflects participation in her negligence. Still further support for the jury’s conclusion, that Mrs. Selles acted, in part at least, on the defendant’s behalf and for his benefit, is furnished by testimony, conflicting though it was, that the defendant had been paying her expenses.
The plaintiff did, therefore, make out a case justifying submission to the jury. Since the Appellate Division’s reversal was solely on the law, he would be entitled to a reinstatement of the verdict in his favor (see Davis v. Long Is. R. R. Co., 301 N. Y. 450; see, also, Cohen and Karger, Powers of the New York Court of Appeals, pp. 566-567), if error prejudicial to the defendant had not occurred at the trial. Such error, however, was committed when the court declined to instruct the jury that, to hold the defendant liable, it must appear not only that Mrs. Selles was operating the car with his consent, but that she was acting as his agent and under his direction and control. (See Nalli v. Peters, 241 N. Y. 177, 179, supra.)
The judgment of the Appellate Division should be reversed and a new trial granted, with costs to abide the event.
Chief Judge Conway and Judges Desmond, Dye, Froessel, Van Voorhis and Burke concur.
Judgment reversed, etc.