## (December 8, 1969)

■ ERWIN E. PLATH, Individually and as Executor of MARY E. PLATH, Deceased, Respondent, v. ROSE M. JUSTUS, Appellant.— REYNOLDS, J. Appeal from an order of the Supreme Court, Rensselaer County, denying appellant's motion to dismiss the complaint. Respondent's decedent was allegedly struck and killed by an automobile owned by appellant and driven by a third party. Thereafter respondent executed a release of the driver but purported to reserve his rights against the appellant. Respondent then instituted the present action, premised upon appellant's liability under section 388 of the Vehicle and Traffic Law, and appellant moved to dismiss the complaint on the ground that the release of the driver effected her release also. Special Term denied the motion on the basis that the release was, in fact, a covenant not to sue with no intent by the parties that appellant be released, and the instant appeal ensued. It is unquestionably true that a release of one joint tort-feasor, which expressly reserved the right against another tort-feasor, will not discharge that tort-feasor (e.g., *Lucio* v. *Curran*, 2 N Y 2d 157) and that a release of one co-obligor will not release other co-obligors if the obligee expressly reserves his rights in writing as part of the same transaction (General Obligations Law, §§ 15-101–15-109). While the liability of the instant owner is not technically the same as that of the co-obligor, the joint tort-feasor (*Sarine* v. *American Lumbermen's Mut. Cas. Co.*, 258 App. Div. 653; *Martindale* v. *Griffin*, 233 App. Div. 510) or the master for his servant (*Gochee* v. *Wagner*, 257 N. Y. 344; *Sikora* v. *Keillor*, 17 A D 2d 6), as a matter of law or policy we find no reason why the instant release should not be given the limited effect the parties intended. The appellant has demonstrated no prejudice to her, and such a position is clearly in harmony with the evolution of the law in this area (see *Derby* v. *Prewitt*, 12 N Y 2d 100), the expedient processing of pending litigation by encouraging settlement and, last but by no means least, the unquestioned understanding and intent of the parties to the agreement. Order affirmed, with costs. Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.; Herlihy, P. J., dissents and votes to reverse and dismiss the complaint, in a memorandum. Herlihy, P. J. (dissenting). I am to reverse premised on the provisions of section 388 of the Vehicle and Traffic Law, without which the absentee owner would not be liable or responsible and, additionally, because of the rationale in *Sikora* v. *Keillor* (17 A D 2d 6, affd. 13 N Y 2d 610, 611) where the memorandum of the Court of Appeals stated: " [I]n view of the derivative character of the owner's statutory liability under section 388 of the Vehicle and Traffic Law, there was not right of action against the owner where no

recovery could be had against the operator." Prior to the enactment of section 388's predecessor (Vehicle and Traffic Law, § 59) New York courts had consistently refused to impose *respondeat superior* liability on the owner of a car merely for permitting another to drive it (*Potts* v. *Pardee,* 220 N. Y. 431; *Van Blaricom* v. *Dodgson,* 220 N. Y. 111). The Legislature responded with what is now section 388. The owner's liability under this section does not rest on any finding of his negligence — direct, imputed, or vicarious (*Naso* v. *Lafata,* 5 A. D. 2d 786, revd. 4 N Y 2d 585; *Sarine* v. *American Lumbermen's Mut. Cas. Co.,* 258 App. Div. 653). His liability is purely statutory, being based upon the determination that the injured party should be afforded a financially responsible, insured person against which to recover. (*American Sur. Co.* v. *Diamond,* 1 N Y 2d 594; *Mills* v. *Gabriel,* 259 App. Div. 60, affd. 284 N. Y. 755.) Contrary to instances of joint tort-feasors or master and servant, there is no question of derivative negligence, only derivative liability. Viewing the owner and operator as a single tort-feasor, the contention that a reservation against the owner in a release to the driver permits a subsequent action against the owner becomes illogical. The tort-feasor is released, but the owner is not released. The plaintiff has been paid by a " financially responsible " person which meets the requirement and the intent of the statutory law. The issue of prejudice mentioned in the majority decision is not pertinent to the issue here involved. The order should be reversed and the complaint dismissed.