Jasen, J.
Plaintiff’s intestate was allegedly killed as a result of being struck by an automobile owned by the defendant and driven by one Edwin T. Moses. Thereafter plaintiff, after reaching a settlement with the driver of the car, executed a release of the driver, reserving, however, any and all rights against any other persons. Plaintiff then instituted this action against the defendant, pursuant to section 388 of the Vehicle and Traffic Law, seeking damages for the wrongful death of the decedent.
In view of the owner’s derivative character of liability under section 388 of the Vehicle and Traffic Law, defendant moved *19 to dismiss the complaint upon the ground that the release given by the plaintiff to the driver, an active tort-feasor, had also released him.
Special Term denied the motion, holding that the subject release was actually a covenant not to sue and not a general release and, therefore, did not release the defendant. The Appellate Division affirmed, one Justice dissenting. The appeal is now before us pursuant to a certified question ‘ ‘ Did Special Term err as a matter of law, in denying the motion to dismiss the complaint? ”
We are asked to determine whether plaintiff’s agreement of settlement with the driver of the motor vehicle constitutes a release as to the owner of the vehicle.
It is well settled that a release containing a reservation of rights against other joint tort-feasors, will be construed as a covenant not to sue and not as a general release. (Gilbert v. Finch, 173 N. Y. 455.) “ Where the release contains no reservation ”, the court said at page 466, “ it operates to discharge all the joint tort feasors; but where the instrument expressly reserves the right to pursue the others it is not technically a release but a covenant not to sue, and they are not discharged.” The underlying rationale is that this construction would thereby give force and effect to the intention of the parties to the instrument.
Williston agrees with this view of the law; stating that “ [t]he clear trend of the law is to hold that an agreement releasing one joint tortfeasor must be construed in accordance with the intention of the parties. It is generally agreed that if the document shows on its face that it was not the intention of the injured party to relinquish his claim against the other joint tortfeasors, as where he expressly reserves his right of action against them or when it appears that the payment he received was not accepted as full satisfaction, it will be regarded as a covenant not to sue, no matter what its form.” (2 Williston, Contracts [3d ed.], § 338A, pp. 722-723).
Dean Prosser supports the view that “ a plaintiff should never be compelled to surrender his cause of action against any wrongdoer unless he has intentionally done so, or unless he has received such full compensation that he is no longer entitled to maintain it. If the statutes are taken into account, this is *20 now the rule actually applied in some two-thirds of the American jurisdictions.” (Prosser, Law of Torts [3d ed.], § 46, p. 272).
The courts, however, are not generally in accord as to whether a covenant not to sue given to an actively negligent person, but expressly reserving rights against one liable under the doctrine of respondeat superior, based on employment or statute, is a bar to recovery against the latter. (Ann. 20 ALE 2d 1044.)
Under common law, the rule is that an owner of a motor vehicle, who merely permits another to drive his car, would not be liable for the negligence of the driver, except under the theory of respondeat superior or agency (Potts v. Pardee, 220 N. Y. 431; Van Blaricom v. Dodgson, 220 N. Y. 111). In 1924 the Legislature enacted section 282-e of the Highway Law,[1] now section 388 of the Vehicle and Traffic Law,[2] for the purpose of fixing liability on an owner of a motor vehicle for the negligent operation of his car by another with his consent. In so doing the Legislature intended that the injured party be afforded a financially responsible insured person against whom to recover for injuries. (American Sur. Co. v. Diamond, 1 N Y 2d 594; Mills v. Gabriel, 259 App. Div. 60, affd. 284 N. Y. 755.)
The liability of an owner, such as the defendant, does not rest on any claim that he was himself guilty of negligence resulting in the damages sustained by the plaintiff but arises solely by virtue of the statute. In other words, the driver’s liability is grounded in common law and the owner’s liability, by statutory enactment. Thus, the owner’s statutory liability is analogous to that of the master for the negligent acts of his servant under, the doctrine of respondeat superior (Good Health Dairy Prods. v. Emery, 275 N. Y. 14); a municipality for the negligent acts of its employees (General Municipal Law, §§ 50-50-d); or a surety for a principal’s liability.
*21 A review of the decisions of our lower courts construing covenants not to sue, in situations other than those involving joint tort-feasors, indicates that the courts favor an interpretation giving force and effect to the intention of the parties to the instrument.[3]
In Bator v. Barry (282 App. Div. 324 [4th Dept.]), involving the liability imposed on a tavern owner by section 11-101 of the General Obligations Law, the court held that a release given by the injured party to a negligent intoxicated person, which reserved the injured party’s right to pursue others who may be liable, did not bar a subsequent action by the injured party against the tavern owner liable under the statute.
In Wilson v. City of New York (131 N. Y. S. 2d 47 [Sup. Ct., Kings County]), involving the situation of the liability imposed on a municipality by sections 50-50-d of the General Municipal Law, it was held that a release given to the negligent person, which reserved the injured party’s rights against others, would not be a bar to a subsequent action by the injured party against the municipality.
In other jurisdictions, there exists a sharp conflict. In Boucher v. Thomsen (328 Mich. 312), a factual situation similar to the one before us was presented to the Supreme Court of Michigan. In Boucher, the plaintiff’s decedent husband, was struck and killed by a car owned by Franck. He had given the car, on the day the accident occurred to the defendant Thomsen to perform some repair work. Plemel, an employee of Thomsen, was driving the car at the time of the accident, with the knowledge and consent of Franck, in order to ascertain the nature of repair work that was required.
The plaintiff settled with Thomsen and Plemel and gave them a covenant not to sue. By its terms it stated that for the consideration received, the plaintiff would not sue any of the covenantees for damages resulting from the death of her husband, reserving, however, her right to proceed against others. The plaintiff then brought an action against Franck, whose liability, as owner of the car, was statutory. On passing on Franck’s contention that the release was a bar to an action *22 against him, the court held that “ [t]he express language of the covenant leaves no question as to what the parties thereto actually intended * * * It is our conclusion that the covenant may not be given the effect of precluding the prosecution of the action against the defendant Franck.” (Boucher v. Thomsen, supra, at pp. 321-322.)[4]
There are a number of other cases which have held that recovery from one secondarily liable for a tort is barred by a covenant not to sue executed with the active tort-feasor, notwithstanding the reservation of rights against others. (Simpson v. Townsley, 283 F. 2d 743 [10th Cir., applying Kansas law]; Bacon v. United States, 321 F. 2d 880 [8th Cir., applying Missouri law]; Terry v. Memphis Stone & Gravel Co., 222 F. 2d 652 [6th Cir., applying Tennessee law]; Smith v. South & Western R. R. Co., 151 N. C. 479; Ann. 92 ALR 2d 552.) The rationale of these cases, it seems, is based either upon the theory that such a result will avoid circuity or action, or that, since the liability is secondary, exoneration of the one primarily liable removes the foundation upon which to impute negligence to the one secondarily liable.
Where a release has been given but the releasor reserves the right to proceed against other wrongdoers, we believe effect should be given to the intention of the parties as expressed by these reservations and allow the suit against any defendant not a party to the release.
By inserting in the release the plaintiff’s right of action against others, there is no doubt as to what the parties to the instrument before us intended. Clearly, the plaintiff intended to exempt the driver Moses from a suit for damages resulting from his negligent operation of defendant’s car, but reserving the right of action against any other party liable for the same damages. In considering the instrument as a whole, it is apparent that the plaintiff did not intend to release his right of action for the damages sustained, but merely enter into an agreement not to enforce such right against the covenantee.
Certainly, an aggrieved party should be allowed to settle a portion of his claim with one of the wrongdoers and at the same *23 time expressly reserve his rights as against other wrongdoers. We are of the view that in order to carry out the intention of the parties, a qualified release, as we have here, should be treated as a covenant not to sue, and the principles applicable to covenant not to sue, applied. If, as a matter of construction, we were to hold otherwise, the benefit of the qualified release would be extended to wrongdoers other than the covenantee, specifically excluded by the instrument.
As to concern over excess or double recovery, this is diminished by reducing the amount of a later recovery, pro tanto, by the amount of the consideration received from the prior settlement.
In sum then, we do not adhere to the harsh common-law rule as to the effect of a release, but allow the intention of the parties to the agreement to determine whether release of one wrongdoer releases all wrongdoers. This view is in harmony with the evolution of the law in this area. (Derby v. Prewitt, 12 N Y 2d 100.)
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergax, Breitel and Gibsox concur.
Order affirmed, with costs. Question certified answered in the negative.

. Later re-enacted (1929) as section 59 of the Vehicle and Traffic Law.

. “ Negligence in use or operation of vehicle attributable to owner. 1. Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner. Whenever any vehicles as hereinafter defined shall be used in combination with one another, by attachment or tow, the person using or operating any one vehicle shall, for the proposes of this section, be deemed to be using or operating each vehicle in the combination, and the owners thereof shall be jointly and severally liable hereunder.”

. In Milks v. McIver (264 N. Y. 267, 269), we indicated by way of dicta that a covenant not to sue given to one tort-feasor is not a bar to a suit against an independent tort-feasor.

. Accord: Ellis v. Jewett Rhodes Motor Co. (29 Cal. App. 2d 395); Gomez v. City Transp. Co. (262 S.W. 2d 417 [Tex. Civ. App.]); Louisville Times Co. v. Lancaster (142 Ky. 122); see, also, Kenworthy v. Sawyer (125 Mass. 28).