Oscar Mtjrov, J.
This is a motion by the defendants for an order permitting the amendment of their answer adding a counterclaim.
The plaintiffs in the within action brought suit against the defendants for personal injury and property damages sustained by them due to the negligent operation of the motor vehicle *2 owned by Frank Fanni and driven by Denise Fanni. The plaintiff Agnes Cadran, was at the time operating the vehicle owned by her husband, Paul Cadran, and the plaintiff Jean Phillips, an infant, was a passenger in the said vehicle.
The defendants interposed an answer to. the complaint containing denials to the allegations in the complaint, but offered neither any affirmative defenses nor counterclaims. The action itself was commenced on or about April 28, 1970. Thereafter, in March, 1972, the New York Court of Appeals rendered the now well-published decision in Dole v. Dow Chem. Co. (30 N Y 2d 143) which pronounced a change in New York law permitting apportionment of liability among tort-feasors. The proposed amended answer contains a counterclaim against the plaintiff owner, alleging that the damages and injuries sustained by the plaintiffs arose solely as a result of their negligence and prays for a dismissal of the complaint, or in the alternative, judgment over and against the plaintiff owner in the event the plaintiff operator recover judgment against the defendant in the same amount or in such proper amount as the court deems just and proper.
There are two main classes of amendments, those that a party may make as a matter of right and those that may be done only by leave of the court. CPLR 3025 (subd. [a]) deals with the former and permits amendment of a pleading within 20 days after its service or at any time between the period for responding to the pleading expires and,, if a responsive pleading is served, then within 20 days after service of such responsive pleading. The time for amending the defendant’s answer as of right has expired, and the defendant has proceeded by motion for leave of court to amend his answer pursuant to CPLR 3025 (subd. [b]).
The statutory language of CPLR 3025 (subd. [b]) is strongly indicative of a discretion vested in the court to grant or deny leave to amend a pleading (Harriss v. Tams, 258 N. Y. 229; Krimsky v. Krimsky, 23 Misc 2d 990). Courts have traditionally adopted a liberal posture in the exercise of this discretion (Hasen v. Apsel, 17 Misc 2d 858; Bendan Holding Corp. v. Rodner, 245 App. Div. 723). “ The amendment in some cases may add a denial, or a counterclaim (Cohen v. Holmes, 191 App. Div. 396) or an entirely new defense, or both a defense and counterclaim” (6 Carmody-Wait 2d, New York Practice, § 34:20).
Ordinarily, the courts will not determine the merits and sufficiency of the proposed amended pleading (Amherst Bowling *3 Center v. Dolce, 11 A D 2d 1079), that is, of course, unless the insufficiency is clear and free from doubt. In Norton v. Norton (12 A D 2d 1003) the Appellate Division in the Fourth Department reversed a lower court order permitting amendment to add a counterclaim when the proposed counterclaim ‘ ‘ was palpably insufficient on its face ”. Therefore, if the instant motion is to be granted, reason dictates that the proposed amended pleading be free of palpable insufficiency and doubt.
The liability of the plaintiff to the defendant which is asserted in the proposed counterclaim, is predicated upon the new rule evolved in Dole v. Dow Chem. Co. (30 N Y 2d 143, supra). In Dow, the court allowed impleader of a joint tort-feasor not joined as a defendant in the plaintiff’s action. The impleaded defendant resisted on the ground that the active negligence of the named defendant operated as a bar to his right to contribution from a joint tort-feasor.
CPLR 1401 pronounces that any defendant who pays more than his pro rata share of a money judgment against defendants joined in an action shall be entitled to contribution with respect to the excess paid over and above his pro rata share. Recovery may be had in a separate action or by judgment in the original action against a defendant who has appeared. Under the old rule, if the plaintiff did not elect in the first instance to join several tort-feasors as codefendants, there was no right of contribution, and consequently, no right of impleader. (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447.) In Westchester Light. Co. v. Westchester County Small Estates Corp. (278 N. Y. 175) a defendant was sustained in his request for apportionment of responsibility against a joint tort-feasor, not named in the original action, in a separate action founded on a theory of indemnification.
Dole takes the right to apportionment of liability based on indemnity one step further stating (30 N Y 2d 143, 153, supra) “ although as in Westchester Light. Co. (278 N. Y. 175, supra), an apportionment of responsibility could be pursued in a separate action * * * there should be no major difficulty in keeping apart the separable issues of liability of the defendant to the plaintiff and of the third-party defendant to the defendant-third-party plaintiff in the same trial.” (Emphasis supplied). And further, Dole declared, “Whether the causes are tried together or separately would rest in the court’s discretion, according to the requirements of fairness in the judicial management of the case.”
The court looked to the result in Westchester Light. Co. (278 N. Y. 175, supra) where a plaintiff who was found to be negligent *4 in an action for causing the death of the defendant’s employee was permitted to sue the employer on indemnity for the employer’s negligence. Apportionment of responsibility, based upon indemnification, accordingly, is no longer subject to rules governing “active-passive negligence” and “misfeasance-nonfeasance ” concepts. If a third-party plaintiff is found to be negligent, the remedy for the cause over against the third-party defendant depends upon the proportion of blame found against the third-party defendant (Dole v. Dow Chem. Co., 30 N Y 2d 143, supra).
That the Dole decision may presage a change in the law with respect to comparative negligence is moot. Notwithstanding the foregoing, it is still the law in the State of New York that when damage is caused by concurring negligence of both the plaintiff and the defendant, the plaintiff cannot recover (McKay v. Syracuse R. T. Ry. Co., 208 N. Y. 359). “ Neither the court nor the jury is permitted to measure the degree of contributory negligence or inquire whether it was the negligence of the one or the other which was the essential cause of the accident.” (41 N. Y. Jur., Negligence, § 53, p. 69.)
The defendant’s proposed answer alleges that the accident occurred solely as a result of the negligence of the plaintiff driver. Were this established to be true, the rights of the parties would be readily definable without reference to Dole. The defendants would be exonerated of tort liability voiding any possibility of contribution. The right to contribution against a joint tort-feasor depends upon the injured person’s having a cause of action against the person from whom contribution is sought. (Ackerson v. Kibler, 232 App. Div. 306.) Dole can only be applied in those instances where the concurrent negligence of parties results in the liability of one of those negligent to a third party.
How does this then affect the rights of the defendant absentee owner and defendant driver should it be established that the concurrent negligence of the plaintiff driver was a contributing cause of the plaintiff’s damages 1 Clearly, no basis can be found for attributing liability for negligence against the infant plaintiff passenger, be it active or imputed, and the only persons subject to such a charge might be the plaintiff driver for her alleged active negligence and the absentee owner plaintiff for the alleged consequential imputed negligence.
The self-pronounced implausible result reached in Mills v. Gabriel (259 App. Div. 60, affd. 284 N. Y. 755) establishes the right of the absentee owner defendant to recover damages from *5 the absentee owner plaintiff and the plaintiff driver even though the defendant owner’s driver was negligent.
Section 388 successor statute to section 59 of the Vehicle and Traffic Law apparently is not designed to deny an absentee owner a recovery on the basis of imputed contributory negligence although he may at the very same time be found liable as a defendant when the concurrent negligence attributable to the driver is imputed to him. The instant section states in part that * ‘ Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.”
An exhaustive study of the subject of imputed contributory negligence in the American Law Reports (vol. 11, 2d Series, p. 1441) states the majority view in New York “ that the rule that a bailor is not responsible for the negligence of the bailee is altered by the statute only to the extent of making the owner, or bailor, liable for injuries or damages to third persons or their property, caused by the driver’s negligence, as expressly required by the statute, and so the contributory negligence of the driver is not imputable to the owner in the latter’s action or cross action to recover for damages sustained by him in an accident.” (Buckin v. Long Is. R. R. Co., 286 N. Y. 146).
It must follow then that a strict construction of the statutory language which prohibits imputation of contributory negligence would also prohibit any liability of the driver as joint tort-feasor indemnitor to be imputed to the owner.
The tJniform Contribution Among Tortfeasors Act treated in an article in the American Law Reports (vol. 34, 2d series, p. 1107) offers as reasonable a definition of joint tort-feasors as may be found. It defines joint tort-feasors as two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them. In Baltimore Tr. Co. v. State (183 Md. 674), cited in the article, it was held that one sued for injuries was not entitled to bring in the injured plaintiff’s employer for purposes of contribution, where the employer was liable only under the terms of the Workmen’s Compensation Law, and not in tort.
The analogy is clear. Any liability that may be attributed to the plaintiff absentee owner arises solely under the Vehicle and Traffic Law, and not in tort. The plaintiff driver, however, *6 if found jointly negligent, would be qualified as a joint tort-feasor and subject to suit in a separate action, or to a counterclaim for contribution for liability incurred by the defendant to the plaintiff driver’s coplaintiffs.
The proposed amended answer is not so palpably insufficient as to require denial of the defendants’ motion to amend insofar as the possibility exists that the plaintiff driver may be liable over to the defendants for contribution (3 Encyclopedia of New York Law, § 1769, p. 67). However, there is no legal basis to compel contribution from the plaintiff absentee owner although he may be liable for damages to the absentee defendant owner (Mills v. Gabriel, 259 App. Div. 60, affd. 284 N. Y. 755, supra). Accordingly motion by the defendants to amend their answer (CPLE 3025, subd. [b]) is hereby granted.