■ SHELDON GOLDSTEIN et al., Appellants, v BROGAN CADILLAC OLDSMOBILE CORP. et al., Respondents. — In a consolidated personal injury action, plaintiffs

appeal from an order of the Supreme Court, Rockland County (Cerrato, J.), dated September 15, 1981, which (1) denied their motion for leave to serve an amended complaint asserting a cause of action to recover in strict products liability in tort against all defendants, and (2) granted the cross motion of defendant General Motors Corp. to dismiss their breach of warranty causes of action as against it. Order modified by granting plaintiffs' motion to the extent of allowing them to serve an amended complaint adding a strict products liability claim against defendants Brogan Cadillac Oldsmobile Corp. and General Motors Corp., upon condition that plaintiffs' previously served bill and supplemental bill of particulars shall apply as to the new theory of recovery. As so modified, order affirmed, with one bill of $50 costs and disbursements payable to plaintiffs jointly by defendants Brogan Cadillac and General Motors Corp. Plaintiffs shall serve an amended complaint within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry, and defendants Brogan and General Motors are granted leave to demand a further supplemental bill of particulars on the newly asserted theory of recovery, if they be so advised. This action arises out of an automobile accident which occurred on August 26, 1971. The automobile in question was manufactured by defendant General Motors, was owned by defendant Natalino, and was loaned by him to plaintiff Sheldon Goldstein while Goldstein's vehicle was in the shop of Natalino's employer defendant Brogan Cadillac Oldsmobile, for repairs. The original complaints in these consolidated actions by the driver, the driver's wife and a passenger, asserted causes of action sounding in negligence and breach of warranty against all defendants. Since the plaintiffs were not in privity with the manufacturer, their breach of warranty causes of action against it were properly dismissed (see *Martin v Dierck Equip. Co.,* 43 NY2d 583, 589-590; *Doulman v Sears, Roebuck & Co.,* 85 AD2d 707). Plaintiffs seek to amend their complaint to assert a cause of action against all three named defendants upon a strict products liability in tort theory. For the reasons which follow, that amendment should have been allowed against defendants Brogan Cadillac and General Motors, but was properly denied against defendant Natalino. The defendants originally opposed the motion to amend upon the ground they had been prejudiced by the plaintiffs' extended delay in seeking the amendment. The mere delay in seeking to amend to simply add a new legal theory of recovery is not sufficient to warrant denial of the motion since the original complaints gave notice of the occurrence giving rise to the proposed new cause of action (see *Murphy v General Motors Corp.,* 55 AD2d 486; *Cerrato v Crown Co.,* 58 AD2d 721; *Jerry v Borden Co.,* 45 AD2d 344; *Murray v City of New York,* 43 NY2d 400, 404-406). Defendant General Motors claims that it will be prejudiced because the proposed amended complaint annexed to plaintiffs' moving papers is alleged to contain new claims of defects in its product, thereby necessitating new discovery proceedings in preparation for a trial which has already been too long delayed. The only new factual allegation in the proposed amended complaint which we can discern is the allegation that the defective part was in the "power steering system" rather than in the "steering mechanism". It strains credulity to ask a court to believe that in the 11 years since the accident General Motors has not learned whether the automobile involved was equipped with power steering and that the allegation that it was so equipped now comes as a surprise. The plaintiffs have not sought to amend their bill and supplemental bill of particulars which lists the specific parts of the automobile which they claim were defective. The amendment of the complaint should be permitted upon condition that said bill and supplemental bill of particulars apply to the new theory of recovery, unless defendants Brogan Cadillac and General Motors demand a further supplemental

bill of particulars. It is the established rule that the legal sufficiency or merits of a proposed amendment of a pleading will not be examined on the motion to amend unless the insufficiency or lack of merit is clear and free from doubt (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:11, p 481; *De Forte v Allstate Ins. Co.*, 66 AD2d 1028; *Cadran v Fanni*, 72 Misc 2d 1). In this case, plaintiffs must be denied leave to amend to add a cause of action sounding in strict products liability against defendant Natalino since he was neither the manufacturer nor seller of the vehicle in question. The theory of the rule imposing strict liability in tort upon manufacturers and sellers of products which, if in a defective condition, are unreasonably dangerous to ultimate users or consumers, is that by marketing the product the manufacturers and sellers have undertaken a special responsibility to any member of the consuming public who may be injured by it (Restatement, Torts 2d, § 402 A, comment *c;* see, also, 2 Frumer & Friedman, Products Liability, § 16A, [4] [b] [i]). Since defendant Natalino was not a seller who put the allegedly defective automobile in the stream of commerce, but, rather, was merely an owner who loaned it to plaintiff Sheldon Goldstein, a gratuitous bailor, he cannot be held strictly liable in tort for defects in the automobile (see 2 Frumer & Friedman, Products Liability, § 16A, [4] [b] [vi]). The doctrine of strict liability in tort is applicable to defendant General Motors, which manufactured the automobile, and it may be applicable to defendant Brogan Cadillac, if it sold the car which was ultimately loaned by Natalino to Sheldon Goldstein. Because the insufficiency of the plaintiffs' proposed theory against Natalino is free from doubt, leave to amend must be denied as to him. Since plaintiffs may have a viable cause of action in strict products liability against defendants General Motors and Brogan Cadillac, leave to amend should have been granted as to them. Those defendants will, of course, be free to move to test the sufficiency of the amended pleading, and/or its merits, after it is served upon them (see CPLR 3025, subd [d]; 3211, subd [a], par 7; subds [c], [e]; 3212). Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.