Anthony CALDARARO, Plaintiff,

v.

Philip Kwok AU, Defendant.

No. 83 Civ. 1628 (ADS).

United States District Court,
S.D. New York.

Sept. 13, 1983.

Robert R. Felton, P.C., New York City, for plaintiff.

McLaughlin, Simone & Lawlor, New York City, for defendant; David S. Heller, James Hayden, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

SOFAER, District Judge:

This is a negligence action against the driver of one of two automobiles that collided in New York. Defendant Au, the driver of the automobile that allegedly injured plaintiff Caldararo, has moved to dismiss for lack of diversity jurisdiction in that both Au and Caldararo are New York domiciliaries, and because of Caldararo's failure to join the automobile's owner, Chu, also a New York domiciliary is an indispensable party who cannot be joined without destroying diversity. The diversity of citizenship of the parties is determined at the time the action is commenced. The relevant date is the filing of the complaint. 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3608 (1975). Factual disputes exist as to where Au was domiciled at the time of the commencement of the action; but this issue need not be resolved. Defendant's second point, that the nondiverse owner is an indispensable party, is dispositive of the jurisdictional question. Chu, the owner of the vehicle driven by Au has an interest in the litigation and may be prejudiced if not joined, since under New York law the owner of a vehicle is derivatively responsible for the damages caused by a driver operating with the owner's permission. N.Y. Vehicle & Traffic Law § 388 (McKinney 1970).

Plaintiff contends that the statute makes the owner a joint tortfeasor, and refers to the established rule that joint tortfeasors are not indispensable parties. *See Champion Spark Plug Co. v. Karchmar,* 180 F.Supp. 727, 729 (S.D.N.Y.1960); *Martin v. Chandler,* 85 F.Supp. 131, 132 (S.D.N.Y.1949). In support of his position, plaintiff quotes § 388 of New York's Vehicle and Traffic Law, emphasizing the portion that states: "and the owners thereof shall be jointly and severally liable hereunder." While this language applies only to that part of the § 388(1) concerning the use of vehicles in combination, or by attachment or tow, § 388(3) expressly provides that an "owner[s] . . . liability under this section shall be joint and several." Some New York courts have denominated owner and driver joint tortfeasors. *See, e.g., Sarine v. Maher,* 187 Misc. 199, 200, 63 N.Y.S.2d 241, 242 (Sup.Ct. Queens County 1946) (discussing former § 59, currently § 388 of N.Y. Vehicle and Traffic Law); *see also White v. Smith,* 398 F.Supp. 130, 143 (D.N.J.1975) (citing *Sarine*) (applying New York law). But the reasoning behind these decisions is unclear. Even though the statute does create joint and several liability, the label "joint tortfeasor" as applied to an owner is an artificial one. New York courts consistently have held that an owner's liability is vicarious, resting not on his own negligence but on a finding of the driver's negligence. *See Plath v. Justus,* 28 N.Y.2d 16, 20, 268 N.E.2d 117, 118–19, 319 N.Y.S.2d 433, 435–36 (1971), *affirming* 33 A.D.2d 833, 306 N.Y. S.2d 80, (3d Dep't 1969); *Hertz Corp. v. Dahill Moving & Storage Co.,* 79 A.D.2d 589, 590, 434 N.Y.S.2d 386, 387 (1st Dep't 1980), *aff'd,* 54 N.Y.2d 619, 425 N.E.2d 890, 442 N.Y.S.2d 502 (1981). At common law, the owner of a vehicle driven by a tortfeasor was not a proper party in an action to recover damages for injuries sustained as a result of the driver's negligence, when the car was being used for the borrower's pleasure or business and the owner was not negligent in authorizing the particular driver to operate the vehicle. An owner was responsible, however, if an agency relationship was established. *Selles v. Smith,* 4 N.Y.2d 412, 414, 151 N.E.2d 838, 840, 176 N.Y.S.2d 267, 270 (1958).

Section 388 establishes statutory liability for owners, irrespective of a finding of agency, for the principal purpose of helping to assure the injured party a financially responsible person from whom to recover. *Plath,* 28 N.Y.2d at 20, 268 N.E.2d at 119, 319 N.Y.S.2d at 436; *see Sikora v. Keillor,* 17 App.Div.2d 6, 8, 230 N.Y.S.2d 571, 574 (2d Dep't 1962), *aff'd,* 13 N.Y.2d 610, 191 N.E.2d 88, 240 N.Y.S.2d 601 (1963). Any liability attributed to the owner in New York is solely under this statute and not in common law tort absent actual negligence. *Cadran v. Fanni,* 72 Misc.2d 1, 338 N.Y.S.2d 532 (1972) (distinguishing the situation where the owner is jointly negligent, and thus a joint tortfeasor). This statutory imposition of liability is in derogation of the common law. It therefore seems dubious for courts to apply the "joint tortfeasor" label to an automobile owner with the same implications that the status has in other contexts. Thus, while the statute must be read to render the owner derivatively liable, it need not and should not be read to subject the non-negligent owner to every possible disadvantage that a true joint-tortfeasor should be required to face.

In this case, plaintiff seeks, however, to treat the owner as a party whose presence is dispensable, without relinquishing a cause of action against him as derivatively responsible for the driver's conduct. While the owner Chu is undoubtedly a derivatively liable owner under § 388, whether he is an indispensable party to this action is a separate question, which should be separately considered. A party's indispensability is an issue governed by federal law, although state law is relevant in assessing the nature of the substantive interest involved. Rule 19(b) of the Federal Rules of Civil Procedure states that, in determining whether a party is indispensable, a court should consider "to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties" and "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Fed.R.Civ.P. 19(b). Since it appears that jurisdiction of all parties may be obtained in New York, the plaintiff

retains an adequate state court remedy in the event the federal action is dismissed. Considering the statutory liability imposed under § 388 on the owner, an adjudication of negligence on the driver's part could unfairly prejudice Chu, particularly if the driver has less incentive than Chu to defend effectively. Chu would be collaterally estopped from contesting a finding of negligence against the driver with independent evidence in a subsequent action. This extreme, potential prejudice makes Chu an indispensable party to this action. *See Codagnone v. Perrin,* 351 F.Supp. 1126, 1131–32 (D.R.I.1972) (construing an analogous owner-liability statute); *see also Acton Co. v. Bachman Foods, Inc.,* 668 F.2d 76, 81 (1st Cir.1982). Thus, since the owner is an indispensable party, the joinder of whom would deprive this court of jurisdiction, the complaint is dismissed for lack of jurisdiction. Fed.R.Civ.P. 12(b)(1) and 19(b).

SO ORDERED.