■ WILLIAM EDWARDS et al., Appellants, v NORTH AMERICAN VAN LINES, Respondent.—Harvey, J. Appeals (1) from an order of the Supreme Court at Special Term (Duskas, J.), entered December 18, 1985 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court (Dier, J.), entered February 24, 1986 in Schenectady County, which denied plaintiff's motion for renewal.

Plaintiffs entered into a contract to store some of their personal property with Redman Van & Storage Company (Redman) in Utah while they were living in California. Subsequently, Redman auctioned off the property because of plaintiffs' alleged failure to make storage payments. Plaintiffs, who had moved to Schenectady County in New York, then commenced this conversion action against defendant. Plaintiffs alleged that defendant was a principal of Redman and thus liable for its agent's acts. After issue was joined, defendant made a motion for summary judgment asserting that, as a

matter of law, Redman did not act as its agent and, alternatively, that pursuant to the terms of the contract plaintiffs were bound to arbitrate their claim. Special Term granted defendant's motion upon the ground that plaintiffs failed to raise a question of fact as to whether Redman acted as defendant's agent in storing plaintiffs' property. Plaintiffs made a motion to renew in which they submitted additional evidence in support of their agency claim. The motion was denied and these appeals ensued.

We address first the issue of whether plaintiffs alleged sufficient facts in their papers submitted in opposition to defendant's motion for summary judgment to raise a triable issue as to whether Redman acted as defendant's agent in storing plaintiffs' property. Defendant submitted a copy of the contract between it and Redman which establishes that the relationship between these entities was limited to interstate shipments. Redman thus lacked actual authority to act on behalf of defendant with regard to storage activities. However, a jury question as to the existence of apparent authority can be found when the principal either acts in a manner or acquiesces in acts by its agents which leads a third party to believe that these acts were within the scope of the agent's authority *(see, Hallock v State of New York,* 64 NY2d 224; *Ford v Unity Hosp.,* 32 NY2d 464, 473; Restatement [Second] of Agency §§ 27, 43 [1958]).* Here, plaintiffs submitted evidence indicating that defendant allowed Redman to hold itself out generally as its agent. Redman's printed stationery, which had defendant's logo on it, stated that Redman was an "Agent for North American Van Lines". By the time of trial plaintiffs may be able to subpoena letters written on this stationery by Redman to defendant, thereby indicating that defendant was aware that Redman was holding itself out generally as its agent. Plaintiffs' newly discovered evidence also shows that Redman's advertisements in the Yellow Pages state that it is an agent of defendant. There is no indication that defendant or Redman attempted to give notice of the limited nature of the agency relationship. In fact, an affidavit submitted by plaintiffs indicates that contrary representations were made. Hence, we conclude that a triable issue as to the agency exists.

We consider next whether plaintiffs are bound by the arbi-

---

* Although it appears that the law of Utah should control this case, since the parties have failed to make a showing of the law of that jurisdiction this court can properly presume it is the same as the common law of New York *(see, Selles v Smith,* 4 NY2d 412, 414; *Cherwien v Geiter,* 272 NY 165, 168).

tration clause in the contract. Contractual limitations on remedies are generally enforced unless entered into under circumstances evidencing fraud or unconscionability *(Wilson Trading Corp. v David Ferguson, Ltd.,* 23 NY2d 398, 403). Thus, provided they do so by explicit agreement, parties can commit resolution of potential disputes to arbitration *(see, Matter of Marlene Indus. Corp. [Carnac Textiles],* 45 NY2d 327, 333-334). Here, plaintiff William Edwards' signature appears after a clause which states that he read the contract and agreed to the provisions found on both sides of it. Further, the front of the contract provides in bold print and larger type that the contract "INCLUDES THE CONDITIONS PRINTED ON THE BACK HEREOF". On the back of the contract, the following appears in bold print and larger type, under the terms and conditions of the contract: "6. TIME OF FILING CLAIM FOR DAMAGES—ARBITRATION". The clause explaining the arbitration requirement appears below this. It is evident that the arbitration clause was not hidden in the fine print of the contract. Plaintiff William Edwards' assertion that he failed to read the contract does not relieve him from the provisions of the arbitration clause *(see, Fiorentino Assocs. v Green,* 85 AD2d 419, 420 [individual who signs a written contract is conclusively presumed to have known and agreed to its content in the absence of fraud or other wrongful act]; *see generally,* 21 NY Jur 2d, Contracts, § 17, at 430-431). Since plaintiffs have failed to make a prima facie showing of fraud or unconscionability, we conclude that, in the event plaintiffs successfully prove an agency relationship, they must pursue their claim in arbitration.

Orders modified, on the law, without costs, by reversing so much thereof as dismissed that part of the complaint which alleged the existence of an agency relationship; matter remitted to Supreme Court for a trial on the issue of agency; and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Levine and Harvey, JJ., concur.