Herman O. **AUSLANDER** and Shirley Auslander and Michelle Haimoff, by her mother and natural guardian Deborah Haimoff, and Deborah Haimoff, individually, Plaintiffs,

v.

## Adel Tawfik **KHATTAB**, Defendant.

### No. 87 Civ. 5887 (RWS).

United States District Court, S.D. New York.

Sept. 19, 1988.

David Jaroslawicz, New York City, for plaintiffs.

Moore, Berson, Lifflander, Eisenberg & Mewhinney, New York City, for defendant; Frederic M. Shulman, Robert C. Shenfeld, of counsel.

## OPINION

SWEET, District Judge.

Defendant Adel Tawfik Khattab ("Khattab") has moved under Fed.R.Civ.P. 15(a) for leave to amend his answer to add as an affirmative defense the failure of plaintiffs to join Hertz Corporation ("Hertz") as an indispensable party to this lawsuit. Khattab also moves for dismissal under Fed.R. Civ.P. 12(b)(1) and 12(c) on the grounds that if Hertz is joined as a defendant, there will no longer be complete diversity. For the reasons set forth below, defendant's motion to amend his answer is denied.

*Facts*

On August 8, 1987, plaintiff Herman Auslander and his granddaughter Michelle Haimoff were crossing Madison Avenue at 80th Street in Manhattan when they were struck by a car driven by defendant Khattab. Khattab made a left turn onto Madison Avenue from 80th Street and hit the pedestrians, who were in the crosswalk. Khattab had rented the car he was driving from Hertz. The rental agreement included liability protection to the effect that in the event of a claim, Hertz would provide Khattab with counsel and would indemnify him for any judgment up to $100,000 per person injured and $300,000 per accident.

Shortly after the accident, Herman Auslander and his wife Shirley ("the Auslanders") and Michelle Haimoff and her mother Deborah ("the Haimoffs") filed a complaint in this court charging Khattab with negligence. Plaintiffs are seeking damages of $7 million. The alleged basis of jurisdiction is diversity: the Auslanders are from Canada, the Haimoffs are from New York, and Khattab is an Egyptian citizen residing in Arizona.

In addition to this federal court action, in September, 1987, the Auslanders and the Haimoffs brought an action against Hertz, a New York corporation, in New York State Court, again seeking damages of $7 million. In the state court action, plaintiffs' claim is based on the vicarious liability of Hertz as the owner of the car driven by Khattab pursuant to § 388 of New York Vehicle and Traffic Law. Action in the state court has been dormant while discovery on this action has been proceeding.

*Discussion*

As both plaintiffs and defendant explicitly recognize, leave to amend a complaint should be "freely given." Fed.R.Civ.P. 15(a). However, it is not granted in every case, since "leave to amend should be permitted *in the absence of an apparent or declared reason,* such as undue delay, bad faith, or undue prejudice to the opposing party." *Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau,* 786 F.2d 101, 103 (2d Cir.1986) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct.

227, 230, 9 L.Ed.2d 222 (1962) (emphasis added). Further, where the claim sought to be asserted is without merit, leave to amend should be denied. *Love v. New York State Dept. of Environ. Conserv.*, 529 F.Supp. 832, 845 (S.D.N.Y.1981).

*Indispensability*

The criteria for determining indispensability is set forth in Fed.R.Civ.P. Rule 19(b), which provides that a court should consider:

first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

There are no set rules for applying these criteria; instead, "[w]hether a person is 'indispensable,' ... can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968). Further, "a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him." *Id.* at 119.

In his attempt to show that Hertz is an indispensable party to this litigation, Khattab concentrates on the first factor specified in Fed.R.Civ.P 19(b), that Hertz might be prejudiced unless it is joined to this lawsuit. Khattab relies heavily on *Caldararo v. Au*, 570 F.Supp. 39 (S.D.N.Y.1983) (Sofaer, J.). In *Caldararo*, the court explained that because New York Vehicle and Traffic Law § 388 provides that the owner of a motor vehicle is vicariously liable for the negligence of a driver, the owner of the vehicle has an interest in the litigation and might be prejudiced if he is not joined.[1] Further, the court maintained that it "seems dubious for courts to apply the 'joint tortfeasor' label to an automobile owner with the same implications that the status has in other contexts." 570 F.Supp. at 41. Applying this principle, the court in *Caldararo* found that the owner of the car was indispensable because "an adjudication of negligence on the driver's part could unfairly prejudice [the owner] ... [t]his extreme, potential prejudice makes [the owner] an indispensable party to this action." *Id.* Similarly, Khattab contends that a finding of Khattab's negligence in federal court might prejudice Hertz, primarily because Hertz could be collaterally estopped from contesting Khattab's negligence in the state court litigation. Such use of collateral estoppel would deny Hertz the opportunity to defend itself with independent evidence unless it is joined in this action, and thus, Khattab argues, Hertz is indispensable.

Khattab also maintains that Hertz is prejudiced by not being added as a party to this dispute in that Hertz could be held responsible twice for the same damages, once in federal court as Khattab's insurer, and once in state court as the vicariously liable owner of the car.

■ Although the facts of *Caldararo v. Au* are similar to those in this case, we follow the rule noted there that joint tortfeasors are not indispensable to an action. *Christoffersen v. Murray Packing Co.*, 219 N.Y.S.2d 419 (Sup.1961); *Siskind v. Levy*, 113 A.D.2d 538, 213 N.Y.S.2d 379 (1961). *See also Martin v. Chandler*, 85 F.Supp. 131, 137 (S.D.N.Y.1949) ("it is hornbook law that one tortfeasor, defendant in an action, may not claim that another, a joint tortfeasor, is an indispensable party.") There is no reason not to apply the 'joint-tortfeasor' label to an automobile owner given § 388. Because § 388 makes the owner of a vehicle jointly and severally liable for the driver's negligence, the owner is not an indispensable party.

---

1. New York law expressly makes the liability of lessor and lessee of a motor vehicle joint and several. *Hardeman v. Mendon Leasing Corp.*, 447 N.E.2d 47, 48, 58 N.Y.2d 892, 460 N.Y.S.2d 499, 500 (1983).

Also in *Caldararo*, the basis for the court's finding that the owner was indispensable was that he would be collaterally estopped from challenging issues decided in the litigation. 570 F.Supp. at 41. *See also Noreiga v. Lever Bros. Co., Inc.*, 671 F.Supp. 991, 995 n. 3 (S.D.N.Y.1987). Here, the only prejudice that can come to Hertz if it is not joined as a party in this action would be the plaintiffs' use of a judgment of Khattab's negligence obtained in federal court to claim collateral estoppel of the issue in state court. To avoid such prejudice, plaintiffs have offered to stipulate that no collateral estoppel claim will be made. Therefore, upon submission of such a stipulation, a judgment rendered in the absence of Hertz will not be prejudicial to Hertz's interests.

The second factor of indispensability listed in Fed.R.Civ.P. 19(b)—the extent to which prejudice can be lessened or avoided —has been accomplished by the plaintiffs' undertaking with respect to collateral estoppel. *Cf. Shelton v. Exxon Corp.*, 843 F.2d 212 (5th Cir.1988).

In considering the third criterion— whether a judgment will be adequate without the presence of Hertz, it is important to note that in this case, it is Khattab who wishes to add another party to destroy diversity, and plaintiffs who oppose the addition.

Fourth, there is no risk here that the action will be dismissed for nonjoinder. Indeed, with joinder the action must be dismissed. While plaintiffs will have an adequate state court remedy if this action is dismissed after joinder, plaintiffs clearly have an interest in a resolution of their claim which has been prosecuted in this court and has remained dormant in the state court.

As for the argument that Hertz might be responsible for the same damages twice, any judgment awarded plaintiffs in federal court is binding on plaintiffs and will extinguish their claim against Khattab in the state court action.

Finally, society has an interest in avoiding duplicative litigation. If Khattab adds Hertz as a defendant, thus destroying diversity between it and the Haimoffs, the Haimoffs might elect to proceed with their claim in state court leaving the diversity jurisdiction of the Auslanders intact. Again, there would be two lawsuits, one in federal court and one in state court. Thus, joining Hertz to this litigation would not lead towards a general goal of judicial economy.

*Conclusion*

Defendant's motion to amend its answer will be denied, and in accordance with their understanding the plaintiffs will be barred from collateral use of Khattab's negligence, if any.

Discovery will be completed by November 16, 1988 and the pretrial order filed on November 23, 1988.

It is so ordered.