■ 11 DUKE STREET, LTD., Appellant-Respondent, v ROBERT RYMAN, Respondent-Appellant, et al., Defendants. [721 NYS2d 502] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 30, 2000, which denied plaintiff's motion for summary judgment and granted defendant Ryman's cross motion for summary judgment dismissing the complaint only to the extent of dismissing plaintiff's third cause of action for conversion, unanimously modified, on the law, defendant's cross motion granted to the additional extent of dismissing the second cause of action seeking specific performance, and otherwise affirmed, without costs.

Specific performance is unavailable where there is an adequate remedy at law (see, Demilo Corp. v E.K. Constr. Co., 207 AD2d 480). "The point at which breach of a contract will be redressable by specific performance * * * must lie not in any inherent physical uniqueness of the property but instead in the uncertainty of valuing it" (see, Van Wagner Adv. Corp. v S & M Enters., 67 NY2d 186, 193). Here, there has been no demonstration that the subject painting is not susceptible of reasonably certain valuation.

In other respects, the motion court properly found a question of fact as to agency (see, Health-Loom Corp. v Soho Plaza Corp., 272 AD2d 179, 182). Regardless of whether there is evidence of an objective manifestation of actual authority (see, Maurillo v Park Slope U-Haul, 194 AD2d 142, 146), there are questions of fact as to whether or not the reliance by plaintiff's principals on the appearance of authority was reasonable (see, Arol Dev. Corp. v Whitman & Ransom, 215 AD2d 145, 146), and the extent to which they were obliged to inquire into the scope of the putative agent's authority (see, Edwards v North Am. Van Lines, 129 AD2d 869, 870).

The cause of action for conversion was properly dismissed (see, Interstate Adjusters v First Fid. Bank, 251 AD2d 232, 234). Since we are denying both sides' motions for summary judgment as to liability, we do not reach any damages issue. We have considered both sides' remaining arguments and find them unavailing. Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.