QUANTUM CORPORATE FUNDING, LTD., as Assignee of MICHAELENE PARKER, Doing Business as M&P CONSTRUCTION, Respondent, v SOUTHWESTERN BELL TELEPHONE, LP, Appellant. [847 NYS2d 43]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 10, 2007, which denied defendant's motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

Dismissal of the complaint was appropriately denied in this action where plaintiff is seeking payment allegedly due under the assignment of a factoring agreement. Accepting plaintiff's allegations as true on this pre-answer motion to dismiss (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]), upon forwarding to defendant's designated branch manager an estoppel certificate that, inter alia, declared that it was subject to New York law, jurisdiction and venue, plaintiff was instructed to contact a senior reports clerk, who subsequently executed the estoppel certificate on behalf of defendant. Contrary to defendant's argument that this clerk lacked the authority to sign the document and, therefore, the forum selection provision contained therein was unenforceable, it cannot be said, as a matter of law, that defendant's branch manager did not possess the authority to inform plaintiff that it needed to obtain the estoppel certificate from the senior reports clerk, particularly

where plaintiff had previously procured an estoppel certificate from the same clerk without protest (see *Federal Ins. Co. v Diamond Kamvakis & Co.*, 144 AD2d 42, 47 [1989], *lv denied* 74 NY2d 604 [1989]). Accordingly, there are factual issues as to whether the clerk had the apparent authority to execute the estoppel certificate on defendant's behalf and whether plaintiff's reliance thereon was reasonable (see *11 Duke St. v Ryman*, 280 AD2d 429 [2001]; *Arol Dev. Corp. v Whitman & Ransom*, 215 AD2d 145, 146 [1995]), which cannot be resolved at this early stage of the proceedings.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Friedman, Williams and Buckley, JJ. [*See* 2007 NY Slip Op 30621(U).]